## MUNDING v. WALNUT CREEK MILLING CO.

No. 13628—Opinion Filed May 7, 1924.

Rehearing Denied Dec. 23, 1924.

**1. Appeal and Error — Harmless Error — Rulings on Pleadings.**

Where plaintiff brings action for damages because of the failure of defendant to perform a written contract of sale and purchase of merchandise, and pleads an extension of time of delivery for the accommodation of the defendant, and the defendant moves to strike out the allegations with reference to the extension, and demurs to the part of the petition pleading an extension of the delivery date, both of which are overruled and exceptions taken to the ruling, and upon the trial of the cause the court limits the plaintiff's right to recover to the delivery date as fixed in the original contract, the court cures errors that might be predicated upon the overruling of the motion to strike and the demurrer.

**2. Sales—Action by Seller for Breach of Contract—Measure of Damages—Time of Market Value.**

Where plaintiff brings action upon a written contract of sale and purchase of merchandise, to recover as damages the difference between the contract price and the market value of the merchandise on the date when the contract is breached, and pleads an extension of the date of delivery of the merchandise, which extension is denied by the answer of the defendant, and the defendant objects to the introduction of evidence as to the market value of merchandise at the close of the time to which the delivery date is claimed to have been extended because the extension is insufficiently pleaded or proven, it is not error for the court to permit the plaintiff to prove the market value of the merchandise as of the date of delivery fixed by the contract.

**3. Same—Date of Breach.**

Where plaintiff sues for damages for breach of a written contract to sell and purchase merchandise, and the original contract fixed the date when the same should be completed or breached, and attaches to the petition as a part thereof a copy of the original contract, and in addition attempts to plead and prove an extension of the date for completion or breach thereof, and such extension is insufficiently pleaded or proven, the date of completion or breach fixed in the original contract will control and fix the date of the breach.

**4. Trial — Demurrer to Evidence — When Overruled.**

It is not error to overrule defendant's demurrer to plaintiff's evidence when there has been evidence introduced by plaintiff which reasonably tends to establish plaintiff's cause of action as pleaded in the petition; and which would reasonably tend to support a verdict and judgment for the plaintiff.

**5. Sales—Action by Seller for Breach—Instructing Verdict for Damages.**

Where plaintiff sues for damages for breach of a written contract of sale and purchase of merchandise, and the damages claimed are the difference between the contract price and the market value of such merchandise as of the date of the breach, and the breach of the contract is not disputed by defendant's evidence, but is admitted, it is not error for the trial court to instruct the jury to find for the plaintiff and fix his damages at the difference between the contract price and the market price of the merchandise as of the date of the breach, if they find from the evidence that the plaintiff has sustained damage.

**6. Trial — Instructions — Refused Instructions Covered in Charge.**

Where the defendant, at the close of the evidence, requests instructions, and the court gives instructions covering the same matters which are more favorable to defendant than the requested instructions, ordinarily the defendant will not be heard to complain of the court's refusal to give the requested instructions.

**7. Judgment Sustained.**

Record examined, and held, that there is no error appearing requiring a reversal of the judgment; and that the judgment should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Muskogee County; Guy F. Nelson, Judge.

Action by Walnut Creek Milling Company against M. A. Munding for damages for breach of written contract. Judgment for plaintiff, and defendant appeals. Affirmed.

Mosier, Bohannon & Mosier, for plaintiff in error.

J. B. Furry, Irwin Donovan, and W. R. Banker, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error, defendant below, will be referred to herein as the defendant; and the defendant in error, plaintiff below, as the plaintiff.

This action, brought by the plaintiff, is based upon a written contract entered into between the parties, wherein the plaintiff

agreed to sell and the defendant to buy 520 barrels of flour at a price fixed at $12.25 per barrel, and providing for delivery upon directions to be given by the defendant within 60 days. The contract seems to have been signed by the defendant on the 2nd of September, 1920, and confirmed by the plaintiff on the 5th of September, 1920. The defendant did not give shipping directions as provided in the contract, and the parties had some correspondence about the matter by reason of which it is alleged by the plaintiff that the time for shipment of the flour was extended beyond the date fixed in the contract, and after the extension given by plaintiff no shipping directions were given by the defendant, and on the 1st of February, 1921, the plaintiff elected to cancel the contract, as provided therein, and notified the defendant to this effect, and that the market price of flour on the date of cancellation was $8.05 per barrel. The contract provided, also, in case of cancellation by reason of the fault of the defendant, that plaintiff should have an entry fee of 25c per barrel, thus making the difference in plaintiff's favor of $4.45 on each barrel, or a total of $2,314. The plaintiff alleges breach of the contract as of February 1, 1921, and prays judgment for the difference in the contract price and the market price, including the entry fee, which amounted to a total of $2,-314.

The defendant attacked the petition by a motion to strike that portion thereof which alleges an extension of the date of delivery, which motion was overruled and exception allowed. The defendant then filed a demurrer to the part of the petition which attempts to allege an extension of the time for the delivery, which demurrer was overruled and exceptions allowed. The defendant thereafter filed a verified answer, admitting the execution of the contract on September 2, 1920; but denying all other allegations of the petition.

The cause was tried to a jury on the 1st of May, 1921, resulting in a verdict in plaintiff's favor for the sum of $780. on which judgment was entered. The defendant filed motion for a new trial, which was overruled, and prosecutes appeal.

Defendant presents the assignments of error under the following propositions:

(1) The court erred in overruling his motion to strike and in overruling the demurrer, and in submitting evidence of an extension of the date of the delivery of the flour.

(2) The court erred in submitting evidence of the value of flour on November 4, 1920, because same would constitute a variance between the proof and the petition.

(3) The court erred in overruling defendant's demurrer to the plaintiff's evidence.

(4) The court erred in giving instruction No. 1.

(5) The court erred in refusing to give defendant's requested instructions Nos. 1 and 2.

The court had overruled defendant's motion to strike from the petition the part thereof pleading an extension of time for the delivery of the flour, and also defendant's demurrer to that part of the petition, and upon the trial, over the objection and exception of the defendant, admitted evidence of the market price of flour on February 1, 1921, the date on which the plaintiff notified the defendant of the cancellation of the contract. But it appears that at the close of the evidence the court by the instructions limited plaintiff's recovery to the difference, if any, between the contract price and the market price of the flour on November 4, 1920. It was not contended in the court below, nor is it contended here, that defendant did not breach the written contract of sale and purchase of the flour. If the court had sustained the motion to strike or the demurrer, the pleadings would then have limited the plaintiff to a recovery of the difference between the contract price and the market value of the flour as of November 4, 1920, and the evidence of the market value of the flour as of February 1, 1921, would have been inadmissible. When the court limited the plaintiff's right to recover to such difference as of November 4, 1921, the defendant was given the same results as he would have gotten if the court had sustained his motion to strike, or the demurrer. If the court had erred in overruling the motion to strike and the demurrer to that part of the petition undertaking to plead an extension of the delivery date, or by admitting evidence of the market value of flour on the 1st of February, 1921, it seems that such error was cured by limiting the plaintiff's right to recover to the difference between the contract price and the market value of the flour on November 4, 1921, if any difference existed in favor of the plaintiff.

The defendant complains that the court erroneously permitted the introduction of evidence of the market value of flour on November 4, 1920, for the reason that such proof constituted a variance between the

pleadings and the evidence. The plaintiff, by its petition, sought to recover damages because of the breach of a contract entered into between the parties. That is the gist of the action. Defendants does not seriously contend that he did not breach the contract. The dispute between plaintiff and defendant upon that matter was as, to when the breach was made, the plaintiff contending that it was when the plaintiff elected to cancel the contract on February 1, 1921, and the defendant contending that it occurred, if at all, on November 4, 1920. The plaintiff offered proof tending to show that flour was worth $4.25 less in the market on February 1, 1921, than the contract price, and defendant objected for the reason that plaintiff had not successfully shown that the delivery time was extended to February 1, 1921. This evidence was left in, but consideration of it by the jury was afterwards excluded by the instructions. The plaintiff also offered proof tending to show that flour was worth $1.50 less on November 4, 1920, than the contract price; and the defendant objected to this evidence for the reason that the plaintiff by its petition had fixed February 1, 1921, as the date of the breach. The defendant showed by one of the witnesses, on cross-examination, that flour was worth on the market $1.50 less than the contract price on November 4, 1920, and such evidence was in direct response to the question asked and went into the record without objection. It appears that such evidence was elicited on cross-examination from the witness for the purpose of minimizing the plaintiff's damages the difference between $4.25 less in the market value and the contract price on February 1, 1921, and $1.50 less in the market on November 4, 1920, than the contract price. The defendant himself tried his side of the case on the theory that the breach of the contract occurred on November 4, 1920. We think that there was not such a variance between the pleading of plaintiff and the proof offered by it, as to the market value of flour on November 4, 1920, as would require a reversal of the judgment. A copy of the contract was attached to the petition, and by its terms fixed the time when the breach would occur at about November 4, 1920. If there was no sufficient allegation of an extension of the time, or if the allegation was sufficient to state an extension of time of delivery and the plaintiff failed in its proof to show that the time of delivery was extended to February 1, 1921, then the contract itself would fix the time of the breach. Then, there is another reason why the position

taken by the defendant as to the evidence offered by plaintiff cannot be maintained. Defendant objected to the evidence when offered by the plaintiff and on cross-examination proved the same fact by the same witness, and the evidence went into the record without objection.

In Gafford v. Davis et al., 58 Okla. 303, 158 Pac. 490, this court held that:

"It has frequently been held that a party cannot complain of the admission of evidence over his objection, where other evidence of the same tenor was admitted without objection" citing authorities.

We think that admitting the evidence of the market value of flour on November 4, 1920, was not error.

It was not error to overrule the demurrer to the plaintiff's evidence. It is not questioned here but that the proper manner of making out the plaintiff's case against defendant for damages was to show that the defendant had failed to comply with the written contract and that plaintiff had sustained loss and damage by reason of the fact that the market price of flour was less than the price fixed in the contract. That the defendant had failed to perform the contract was not disputed in the evidence; and plaintiff's evidence was amply sufficient to show that the market price of flour on November 4, 1920, was $1.50 less than the contract price; and was sufficient to withstand a demurrer to the plaintiff's evidence.

By court's instruction No. 1 the court instructed the jury to return a verdict for plaintiff for the difference between the contract price of the flour and the market price as of the 4th of November, 1920, if they should find from the evidence that the market price was less than the contract price. As to whether defendant had breached the contract was not in dispute in the evidence. The matter in dispute was whether the plaintiff had been damaged beyond nominal damages. There was a conflict in the evidence as to the damages. The evidence offered on the part of the plaintiff tended to show that flour on the market, about November 4, 1920, was worth $1.50 per barrel less than the contract price; while the evidence on the part of the defendant tended to show that the market price at that time was substantially the same as the contract price, so that plaintiff had not sustained any substantial damages. The instruction complained of submitted to the jury the disputed question of fact. It was not error for the court to advise the jury to return a

verdict for the plaintiff, for the difference between the contract price and the market price as of November 4, 1920, if they should find from the evidence that the market price was less than the contract price, since that was the manner of arriving at the plaintiff's damages occasioned by the breach of the contract, if the plaintiff had sustained any damages. The giving of the instruction complained of was not error.

The fifth proposition, that the court erred in refusing to give the defendant's requested instructions Nos. 1 and 2, is not argued in the defendant's brief further than to say that it was error to refuse the requested instructions. The instructions requested sought to limit the plaintiff to a recovery for breach of the contract as of the 1st of February, 1921. The court limited the recovery to the difference between the contract price and market price as of November 4, 1920, if any. This was to the defendant's advantage by about $2.75 per barrel, of the flour contracted for by the defendant. Confining the plaintiff's recovery, if it was entitled to damages, to the difference between the contract price and the market price as of November 4, 1920, was to the advantage of the defendant, and he had no cause to complain because the court refused to submit the question of the difference in the contract price of the flour and the market price as of February 1, 1921.

We have examined the entire record presented. The instructions fairly submitted the issues made by the pleadings and the evidence introduced. The jury returned a verdict for $780 for plaintiff; or $1.50 per barrel as the difference between the contract price and the market price of the flour bought by defendant; and the evidence supports the verdict and judgment rendered thereon. The defendant was not denied any substantial right upon the trial. There is no error in the record requiring a reversal of the judgment. The rulings of the court were rather more favorable to the defendant than he had a right to expect under the circumstances presented, and he should not be heard to complain. If errors were committed, they were in favor of the defendant rather than against him.

We recommend that the judgment be affirmed.

The defendant in error moves for judgment on the supersedeas bond of plaintiff in error, and shows to the court that plaintiff in error superseded judgment of the trial court pending this appeal by filing in due course a supersedeas bond in the sum of $1,600, with W. T. Wisdom and T. F. King as sureties thereon, conditioned that the plaintiff in error shall pay the judgment in case it be affirmed on appeal. And, it appearing to the court that the defendant in error is now entitled to judgment against the sureties upon such supersedeas bond. It is, therefore, considered, ordered and adjudged that defendant in error, Walnut Creek Milling Company, do have and recover of and from the said W. T. Wisdom and T. F. King, sureties on the said supersedeas bond, the sum of $780, with interest at the rate of 6% per annum from and after May 1, 1921, the date of the judgment, and court costs, including the costs of this appeal; for all of which let execution issue out of the Supreme Court in due course.

By the Court: It is so ordered.