## HARLEY v. DAMRON.

No. 13891—Opinion Filed Sept. 30, 1924.

Rehearing Denied Nov. 18, 1924.

**1. Appeal and Error—Question of Fact—Verdict.**

In a law action this court will not weigh conflicting evidence to determine on which side the preponderance lies, upon the ground that to do so would be an invasion of the right of trial by jury.

**2. Trial—Instructions—Refusal of Requests.**

It is not error to refuse to give a requested instruction which cannot reasonably be given in the form submitted. The only purpose served in such request is to call the court's attention to the questions upon which instructions are desired and counsel's view of the law.

**3. Appeal and Error—Necessity for Objections Below—Instructions.**

Where the question of the insufficiency of "cotton tickets," as to form or substance, to constitute a delivery of baled cotton in storage in a compress by a proper assignment and delivery of the tickets, or compress receipts, was not presented to the trial court by objections to the introduction of evidence, or otherwise, and the "tickets", or copies thereof, are not contained in the record, the judgment will not be reversed upon the ground that the court in its instructions assumed that they were sufficient for that purpose.

**4. Trial—Issues—Evidence and Instructions to Conform.**

Where, in an action for damages for failure to pay for baled cotton alleged to have been sold and delivered, two items of special damages, only, were alleged in the petition, that of storage and insurance, it was error for the court to admit in evidence and submit to the jury, over the objection of the defendant, evidence of another item of special damages not alleged in the petition.

(Syllabus by Ray C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Stephens County: Cham Jones, Judge.

Action by J. S. Damron against A. N. Harley. Judgment for plaintiff, and defendant appeals. Affirmed if remittitur filed, otherwise reversed.

H. B. Lockett, for plaintiff in error.

J. P. Speer, for defendant in error.

Opinion by RAY, C. The first contention is that the verdict was contrary to the evidence. The evidence was conflicting, but sufficient to go to the jury. It has been held, too often to call for the citation of the cases, that in law actions, this court will not weigh conflicting evidence to determine upon which side the preponderance lies, upon the ground that to do so would be an invasion of the right of trial by jury.

Error is predicated upon the refusal of the court to give certain requested instructions. One of the requested instructions is as follows:

"The court is requested to instruct the jury that under the pleading and evidence in this cause when he procured tickets from John Ralls it was his intention only to use them to identify the cotton in controversy, and that it was his intention that at all times until he returned the same, to use them for that purpose only, and to return them to the source from which he received them, and your verdict should be for the defendant."

This instruction could not reasonably have been given in the form submitted even though it had contained a correct statement of the law. The other requested instructions were similar in form. The only office which these requested instructions could have performed was to call the court's attention to the particular questions upon which instructions were desired, and to inform the court of counsel's view of the law. The court did not commit reversible error by refusal to give any or all of the requested instructions. The requested instructions, in so far as the law was correctly stated and applicable, were incorporated in the general instructions.

Complaint is made of the following instructions:

"In this case, gentlemen, you are instructed that if you find and believe from a preponderance of the evidence on the part of the plaintiff that he sold the defendant the 85 bales of cotton in question at an agreed price of 10 cents per pound and you further find that pursuant to said sale the cotton tickets representing said cotton were delivered to the defendant then you should find for the plaintiff and against the defendant."

This instruction was modified by a further instruction which directed the jury's atten-

tion to the particular items to be considered in arriving at their verdict. The defendant's theory of the case, and the conditions upon which the verdict should be rendered for the defendant were also contained in the instructions. The particular objection urged to this instruction is that it assumes that the cotton tickets referred to were sufficient in form and substance to constitute a delivery of the cotton by a proper transfer of the tickets. This suit was for damages for refusal to pay for 85 bales of bolley and snap cotton which plaintiff had stored in a compress, alleged to have been sold and delivered to defendant. The compress receipts, or "cotton tickets," were being held by the bank where plaintiff kept his cotton account. The defendant was a cotton buyer and kept his account in the same bank. According to plaintiff's evidence these tickets were delivered by the bank to the defendant under authority from the plaintiff, and upon the assurance on the part of the defendant that he had bought the cotton. The defendant's testimony was that he had bought the cotton conditioned upon approval upon inspection, and that the tickets were delivered to him solely for the purpose of identifying the cotton in the compress for the purpose of inspection. In any event, the defendant had possession of the tickets for two or three days before returning them to the bank. Officers of the bank testified as to the sale and delivery of the certificates to the defendant. No objection was urged at the trial as to the insufficiency of the certificates to constitute a constructive delivery of the cotton by a delivery of the certificates. The parties and the witnesses were experienced in the cotton trade and understood the long established custom of delivering baled cotton by the delivery of compress certificates or tickets. The question should have been submitted in some form to the trial court. The certificates, or copies thereof, are not contained in the record and we cannot say that reversible error was committed. The judgment, however, must be reversed upon another ground unless a remittitur should be filed by the plaintiff.

Items of special damages were alleged in the plaintiff's petition for storage and insurance which plaintiff was compelled to pay. No other item of special damages was alleged. Evidence was admitted, over objection of the defendant, of certain railroad rate regulations which authorize a credit for freight paid on shipments of cotton to the compress upon the freight charges when the cotton is shipped out of the compress within one year, and that the plain-tiff had paid freight on the cotton to the compress in the sum of $175.10. Over the objection of the defendant, this item of freight was submitted to the jury as an item of special damages to be considered in arriving at a verdict. No request was made by the plaintiff to amend his petition, either as a foundation for the evidence or to conform to the proof. We think the defendant was entitled to notice that special damage was claimed for the item of freight. He should have had the opportunity to prepare for trial as to that item of damages, both as to the regulation claimed to exist and the amount paid.

The judgment should be reversed with directions to grant defendant a new trial unless the plaintiff shall, within 10 days from the going down of the mandate, file in the office of the court clerk a remittitur of $175.10, in which case the judgment should be affirmed.

By the Court: It is so ordered.