## BRADSHAW v. STATE INDUSTRIAL COMMISSION et al.

No. 30463. July 7, 1942.

127 P. 2d 801.

Arnold T. Fleig, of Oklahoma City, for petitioner.

Reily & Reily, of Shawnee, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is a proceeding brought to review an award made to Jesse Thomas Eslick, hereinafter called respondent, for a temporary total disability and a permanent partial disability to a specific member, said award being made under date of June 27, 1941.

The respondent was injured on the 3rd day of January, 1941, and filed his first notice of injury and claim for compensation on the 1st day of February, 1941. At the date of the accidental injury he was demolishing a building in Earlsboro, Okla. He was injured by a falling rock wall and suffered a broken heel, a dislocated ankle, and a sprained wrist. The award was made jointly against L. R. Bradshaw and Elza Evans. Petitioner herein is L. R. Bradshaw, who prosecutes this proceeding alone. Petitioner presents three propositions.

It is first urged that there is not sufficient evidence to sustain the finding that the relation of employer and employee existed between the respondent and petitioner. The accidental injury is admitted. Aside from the admission of L. R. Bradshaw to the respondent, in which admission it is stated that Bradshaw had an interest in the tearing down of the building, petitioner took respondent to the hospital; he also sent money to the respondent. Bradshaw's father-in-law was foreman superintending the destruction of the building, and there are other facts and circumstances tending to support the finding of the State Industrial Commission. We find sufficient evidence of the relationship of employer and employee between L. R. Bradshaw and the respondent. Mastin v. Black, 176 Okla. 46, 54 P. 2d 399.

The second proposition is that the State Industrial Commission erred in finding that the employment of respondent was hazardous. It comes within the building construction covered by 85 O. S. 1941 § 3.

The third proposition is that there is no competent evidence reasonably tending to support the finding as to the degree and extent of disability. As above stated, the accidental injury is admitted. Respondent was treated for his injuries and given medical attention, and competent medical expert witnesses testified

that the respondent had a 50 per cent disability to the injured member. There is competent evidence reasonably tending to support the finding as to the nature and extent of the disability. Southern Ice & Utilities Co. v. Barra, 178 Okla. 291, 62 P. 2d 988.

These are the three propositions presented by the petitioner. Finding no error in the award, the same is sustained.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, and DAVISON, JJ., concur. BAYLESS and GIBSON, JJ., dissent. HURST and ARNOLD, JJ., absent.