LITTLE v. LOVETT et al.

No. 31073. Oct. 5, 1943.

*141 P. 2d 794.*

Clayton B. Pierce, of Oklahoma City, for plaintiff in error.

O. A. Cargill and O. A. Cargill, Jr.,

158

both of Oklahoma City, for defendants in error.

PER CURIAM. Vern Turney Lovett, Jr., a minor, hereinafter referred to as plaintiff, instituted this action by his parents as next friends, against Clarence F. Little, hereinafter referred to as defendant, to recover damages for injury to the person alleged to have been sustained as the result of the negligence of the driver of a truck which belonged to the defendant. Liability of the defendant was based upon the doctrine of respondeat superior. The answer of defendant was a general denial and plea of contributory negligence and unavoidable accident. Trial was had to a jury. Verdict was for the defendant. Motion for new trial was sustained, and defendant appeals.

The trial court upon timely request assigned the following reasons for granting a new trial:

"1. That there is a serious doubt in the court's mind that the instructions as to contributory negligence should have been given, and that there is a serious doubt in his mind whether he committed error in so doing;

"2. The court is of the opinion that under the undisputed facts of this case justice demanded that there be a verdict for the plaintiffs for a reasonable amount;

"3. The court feels that he cannot conscientiously approve the verdict returned and feels like it is his duty to set it aside and give these people a new and another trial, to all of which statements and remarks the defendant excepts and exceptions are allowed."

As said in Shreve v. Cornell, 182 Okla. 193, 77 P. 2d 1:

"It is the duty of the trial court upon request of a litigant to state its reasons for sustaining motion for new trial, and on appeal from an order granting a new trial this court will confine its review to the reasons so assigned by the court. Alexander v. Alexander, 179 Okla. 614, 67 P. 2d 33, 36-37.

"In reviewing such orders this court is governed primarily by the rule many times announced by its decisions, and which may be found specifically stated in Spruce v. C. R. I. & P. Ry. Co. 139 Okla. 123, 281 P. 2d 586, as follows:

" 'Greater latitude is given the trial courts in sustaining motions for new trial than in overruling such motions. The general rule is that the action of the trial court in sustaining a motion for new trial will not be disturbed by the appellate court unless the trial court has acted arbitrarily or has clearly abused its discretion, or has manifestly erred in some pure, simple and unmixed question of law.' "

It will be observed that the trial court gave as his first reason for granting the new trial an apprehension that the instructions on contributory negligence were erroneous. The court did not undertake to express more than an apprehension in this respect. An examination of the instructions, and particularly the one on contributory negligence, reflects that there was no necessity for such apprehension on the part of the court, and that the instruction given was proper under the rule announced in Davis v. Bailey, 162 Okla. 86, 10 P. 2d 147; Morris v. White, 177 Okla. 489, 60 P. 2d 1031.

Had the first reason assigned been the sole reason for granting the new trial the action of the court would constitute error as a pure and unmixed matter of law. See Brown v. Bassett, 191 Okla. 22, 126 P. 2d 705, and cases therein cited. The court, however, in addition to the foregoing reason stated that he was of the opinion that the plaintiff had not had a fair trial, and further that the verdict was one which the court could not conscientiously approve. In Belford v. Allen, 183 Okla. 261, 80 P. 2d 676, it was pointed out:

"It is the duty of the trial court, upon a motion for new trial which challenges the verdict upon the ground that it is contrary to the evidence, to weigh the evidence and to approve or disapprove the verdict, and if the verdict is such that in the opinion of the trial court it should not be permitted to stand, and it is such that he cannot conscientiously approve it, and he believes it should

have been for the opposite party, it is his duty to set it aside and grant a new trial."

In the instant case the trial court on timely request properly assigned its reasons for granting a new trial. There are three such reasons given. One was erroneous as a matter of law; the other two lay within the court's sound judicial discretion. This court is thoroughly committed to the rule that the ruling on a motion for new trial, which is addressed to the sound legal discretion of the trial court, will not be disturbed in the absence of a clear and convincing showing of some error existing as an unmixed question of law or else upon showing that the court acted arbitrarily or capriciously. See Gripe v. Grieves, 188 Okla. 565, 111 P. 2d 818; Hartman v. Dunn, 186 Okla. 9, 95 P. 2d 897; Shreve v. Cornell, supra.

Under the record here presented, no abuse of discretion or arbitrary action has been shown. The judgment of the trial court granting new trial is therefore. affirmed and the cause remanded for other procedings consistent with the views herein expressed.

CORN, C, J., GIBSON, V. C. J., and RILEY, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. OSBORN and HURST, JJ., absent.