## FISHER v. HOPKINS.

No. 34246.   Sept. 25, 1951.

*235 P. 2d 944.*

Pierce, Rucker, Mock, Tabor & Duncan, Tulsa, for plaintiff in error.

Manatt, Knight & Knight, Tulsa, for defendant in error.

DAVISON, J.   This is an action by Delores Hopkins, by and through Gilford Hopkins as next friend, against Wilton M. Fisher to recover damages for personal injuries alleged to have been sustained as a result of a collision between a car being driven by Homer McCray and a car driven by defendant.

The trial was to a jury resulting in a verdict in favor of defendant. On motion of plaintiff the trial court set the verdict aside and granted her a new trial. Defendant appeals and urges as grounds for reversal that the trial court abused its discretion in granting a new trial.

The motion for new trial, among other grounds, is predicated on the ground that the verdict is not sustained by sufficient evidence and is contrary to law.

The court upon being pressed by counsel for defendant for his reason for granting a new trial stated:

"The verdict was contrary to the law in evidence, and was so unexcusable that it shocked the consciousness of the Court, and I feel it necessary to grant a new trial for that reason."

It is conceded that a collision occurred as contended by plaintiff between a car driven by Homer McCray and a car driven by defendant on a highway leading to and from Tulsa at a point near Barnsdall, Oklahoma; that plaintiff was riding with McCray as his guest and as a result of the collision she was thrown from the car causing her severe injuries.

The evidence is conflicting as to whose acts caused the collision.

Plaintiff offered the evidence of Homer McCray and other occupants of the car tending to establish that the accident occurred about 4 o'clock p.m., on the 24th day of January, 1948. On that date he went to Tulsa for the purpose of doing some shopping. Plaintiff and others went with him for the same purpose. It had been snowing that morning and the highway was covered with snow and ice. The collision occurred on his way hom from Tulsa. The highway upon which he was driving was a paved highway and he was traveling west. As he approached a point near where the accident occurred they observed a car driven by defendant approaching him from the west traveling east. Defendant was driving his car

straight down the middle of the road and, considering the condition of the pavement, at a reckless rate of speed, about 35 to 40 miles an hour; that McCray was traveling from about 20 to 25 miles per hour. In order to avoid a collision he eased his car to the right and off the pavement when defendant's car struck the front of his car. The impact forced it back for a distance of from 15 to 20 feet, throwing plaintiff from the car and causing her injuries.

Defendant offered testimony consisting of his own and several occupants of a pickup truck who had been following defendant's car for some distance; that for sometime prior to the accident they observed the car driven by McCray traveling towards them. He was on the right hand side of the street driving at a moderate rate of speed; that due to the condition of the pavement his car skidded off the pavement, the right front wheel of his car dropping over the dirt shoulder, and upon regaining the highway his car skidded across the highway immediately in front of defendant's car; that defendant was driving at a moderate rate of speed, about 20 to 25 miles per hour and to the right of the center of the highway.

Under the evidence the jury might have returned a verdict for either party. There is competent evidence to sustain the verdict returned by the jury. It does not follow, however, that the court erred in granting plaintiff a new trial.

This court has many times held, as stated in Tulsa City Lines, Inc., et al. v. Howell, 202 Okla. 394, 214 P. 255:

"It is the duty of the trial court, upon a motion for a new trial which challenges the verdict upon the ground that it is contrary to the evidence, to weigh the evidence and to approve or disapprove the verdict, and, if the verdict is such that in the opinion of the trial court it should not be permitted to stand, and it is such that he cannot conscientiously approve it, and he believes it should have been for the opposite party, it is his duty to set it aside and grant a new trial."

In the case of Williams v. Long Bell Lumber Co., 203 Okla. 250, 219 P. 2d 992, and in numerous other cases the rule is thus stated:

"The trial court is vested with broad discretion in granting or denying new trial, and its action in granting a new trial will not be disturbed on appeal unless it clearly appears that the court erred in some pure, simple and unmixed question of law, or has acted arbitrarily or capriciously."

We cannot say that the court acted arbitrarily or capriciously in granting plaintiff a new trial.

Judgment affirmed.

CORN, GIBSON, O'NEAL, and BINGAMAN, JJ., concur.