**Wesley LANDRUM, Petitioner,**

v.

**Hugh OWNBY and the State Industrial Commission of the State of Oklahoma, Respondents.**

**No. 36372.**

Supreme Court of Oklahoma.

Nov. 22, 1955.

Watts & Youree, Wagoner, for petitioner.

O. K. Winterringer, Thomas M. Stevens, Shawnee, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

Petitioner, Wesley Landrum, hereafter called claimant, brings this proceeding to review an order of the State Industrial Commission denying his claim for compensation against the respondent, Hugh Ownby.

The Commission's order denying the claim was based on the following finding as set out therein:

"That claimant was not in the employ of Hugh Ownby, the respondent herein, as alleged in his Employee's First Notice of Injury and Claim for Compensation, on December 1, 1952, and therefore was not injured arising out of and in the course of his employment."

The evidence adduced at the hearing disclosed that the respondent, Ownby, owned a farm and dairy located thereon. Richard Landrum, brother of claimant, lived on the farm and was employed full time to run the dairy. Claimant, at intervals, lived with his brother and on three separate occasions during 1952, he had been employed by respondent to do certain work on the farm, once to do some plowing, once to help thresh peanuts and the last time to paint a barn. He had been paid for

each separate job according to the prevailing farm wages.

On December 1, 1952, several weeks after the barn painting job was finished, claimant sustained an injury while attempting to thaw out a frozen water pump on the farm pickup. This claim for compensation was filed as a result of that injury.

The sole question presented in this case was whether claimant was in the employment of respondent at the time of his injury. There was conflicting testimony as to what was said and done by the parties respecting employment of claimant. The claimant stated in substance that he had talked with respondent about working for him and that respondent had told him that he would give claimant all the work respondent would have for claimant to do and that thereafter he worked generally about the dairy. He stated further that respondent knew that he was working about the dairy because respondent had worked with him in grinding feed for the dairy cattle and that at the time of his injury he was going to feed the dairy cattle.

Respondent, in his testimony, denied that he had ever employed claimant except for specific farm work for which he had paid claimant. He further denied that he had told claimant he would give him work in the dairy or that he knew claimant was working in the dairy or that he was working anywhere after the barn was painted.

It is argued by claimant that the question whether the claimant was in the employment of respondent at the time of his injury is one of law to be determined by this court and in this connection he invites our attention to Bradshaw v. State Industrial Commission, 191 Okl. 222, 127 P.2d 801, in which the court said in the first syllabus:

"The first prerequisite to recovery of compensation under the Workmen's Compensation Act (85 O.S.1941 § 1 et seq.) is that the relation of master and servant or employer and employee within the meaning of the Compensation Act be shown to exist at the time of the injury, and as to whether or not the facts as disclosed by the record established the existence of such relation within the meaning of the Compensation Law is a question of law for the court."

We approve the ruling in the above case. However, if, in the instant case, we consider only the uncontroverted evidence, we find as a matter of law that the relation of employer and employee has not been established. In Hamilton v. Randall, 136 Okl. 170, 276 P. 705, it is stated:

"The relation of employer and employé is contractual. Like every other contractual relation, it is a product of the meeting of the minds of the contracting parties. To create the relation of employer and employé there must be an express contract, or such acts as will show unequivocally that the parties recognize one another as master and servant. Our Workmen's Compensation Law is remedial in its objects and operation, and should receive a liberal construction in favor of those entitled to its benefits; but before one is entitled thereto, he should be held to strict proof that he is in a class embraced within the provisions of the law, and nothing can be presumed or inferred in this respect."

In the case now before us the questions as to whether respondent promised claimant work or knew that claimant was working for him and acquiesced so as to give rise to an implied contract of employment, since they were disputed, were issues of fact and not of law.

Upon a review of the evidence we find that the order of the Commission is reasonably supported by the evidence and will not be disturbed by this court.

Order denying compensation is sustained.