**Dewey A. CROFT, Plaintiff In Error,**

v.

**C. I. DODSON, Defendant In Error.**

**No. 37288.**

Supreme Court of Oklahoma.

March 19, 1957.

Rehearing Denied April 30, 1957.

Rucker, Tabor & Cox, Joseph M. Best and Joseph A. Sharp, Tulsa, for plaintiff in error.

Wilkerson & Wilkerson, Pryor, for defendant in error.

WILLIAMS, Justice.

This action was brought by C. I. Dodson, hereinafter referred to as plaintiff, against Dewey A. Croft, hereinafter referred to as defendant, to recover damages for personal injuries alleged to have been sustained by plaintiff as a result of an automobile accident which occurred on the Turner Turnpike on September 25, 1953, at which time plaintiff was a passenger in an automobile driven by defendant. Upon trial of the case, the jury returned a unanimous verdict for the defendant. Plaintiff thereupon filed a motion for a new trial upon the sole stated ground that the verdict was contrary to and not supported by the evidence. The trial court sustained plaintiff's motion for new trial and defendant has perfected this appeal therefrom.

As his only proposition of error, defendant contends that the trial court erred in sustaining plaintiff's motion for new trial; that the order sustaining such motion is contrary to the law and the evidence, that the action of the trial court was arbitrary and capricious and an abuse of discretion.

It was not contended in the trial court that any errors of law occurred in the trial of the case and careful examination of the record fails to disclose any such errors. No objection was made nor exception taken to any of the instructions given the jury by the trial court and a review of the record indicates that the instructions given fairly and correctly advised the jury upon the rules of law applicable to and governing

the jury's consideration and determination of the matter.

The journal entry of judgment granting the new trial recites that the motion for a new trial alleged as the sole reason therefor that the verdict returned by the jury engaged in the trial of said cause was not sustained by and is contrary to the evidence, but such journal entry does not specify upon what ground the court sustained such motion. Such journal entry was filed on November 28, 1955. On March 14, 1956, the trial judge, apparently upon his own motion, drew up, signed and filed in the case, another journal entry of judgment sustaining motion for new trial, which was substantially the same as the journal entry previously filed except that the latter entry recited that plaintiff's motion for a new trial was sustained "for the reason that said verdict is not sustained by the evidence and is contrary to both the law and the evidence."

The trial court in sustaining the motion for a new trial announced his disagreement with the verdict of the jury. The court, upon request, declined to give his reasons for granting the motion for new trial.

■ When a motion for a new trial is sustained, the trial court is not limited to the grounds stated in the motion therefor. Rein v. Patton, 208 Okl. 442, 257 P.2d 280. It is the duty of the trial court, however, upon request of a litigant, to state the reasons for sustaining the motion for a new trial, and upon appeal from the order granting a new trial, this court will confine its review to the reasons so assigned by the trial court. Every v. Every, Okl., 293 P.2d 612; McGlone v. Landreth, 200 Okl. 425, 195 P.2d 268; Little v. Lovett, 193 Okl. 157, 141 P.2d 794; Browne v. Bassett, 191 Okl. 22, 126 P.2d 705; Shreve v. Cornell, 182 Okl. 193, 77 P.2d 1.

It is apparent that counsel for defendant was attempting to get the trial court to specify the grounds upon which the court was granting a new trial. This he had a

right to do. The remarks of the trial court indicated that the court was of the opinion that there was no evidence of contributory negligence, intervening negligence of a third party, or unavoidable casualty. The court had instructed the jury on all three such defenses, which would, of course, have been error had there been no evidence to support any of such defenses. Upon being questioned by counsel, however, the court, after first refusing to answer, did affirmatively state that there was testimony presented in support of such defenses which justified and required such instructions but that the court just didn't believe it.

■ It therefore becomes apparent that the only question presented by this appeal is, may a trial court grant a new trial under such circumstances and on ground of disagreement with the jury verdict? We think such question has already been answered in the negative in Hansen v. Cunningham, Okl., 285 P.2d 432, and Fry v. Alexander, Okl., 290 P.2d 397. In Hansen v. Cunningham, supra, we pointed out that the discretion vested in a trial court is a sound legal discretion to be applied in accordance with recognized principles of law, rather than an arbitrary discretion to be exercised at will by a trial court. We also pointed out that under the rule announced in Russell v. Margo, 180 Okl. 24, 67 P.2d 22, this court will examine the entire record in the case to determine whether or not the trial court has, in granting a new trial, abused its discretion, acted arbitrarily, or erred on some unmixed question of law. In Fry v. Alexander, supra [290 P.2d 400], we said:

"Then comes the ultimate question hereinbefore indicated. In such a case may a trial judge grant a new trial just because (as this judgment recites) he does not agree with the jury's verdict? We think a complete answer to this question is given in the recent opinion this Court promulgated in Hansen v. Cunningham, Okl., 285 P.2d

432, and the cases therein cited. Therein it is clearly demonstrated that to grant a new trial in such a situation is an abuse of the sound legal discretion vested in the trial judge and is in derogation of our system of jurisprudence in which the jury is the trier of the facts."

A careful examination of the entire record in this case reveals no error, either in the instructions or otherwise, which could have been prejudicial to plaintiff or have prevented him from having a fair trial. Such examination reveals only that the matters involved were submitted to, and determined by a jury, under legally correct instructions and under evidence reasonably tending to support the verdict. In this connection it should be noted that one of the matters submitted to the jury was the question of contributory negligence. By virtue of Article XXIII, Section 6, of the Constitution of this State, contributory negligence is a question of fact which must at all times be left to the jury, and if there is any evidence of contributory negligence, or from which contributory negligence may be inferred or presumed, that issue must be resolved by the jury. Warren v. Layman, Okl., 267 P.2d 590. If there be sufficient evidence to require the question of contributory negligence to be submitted to the jury, its verdict on that question is conclusive. Fay v. Brewer, 181 Okl. 554, 75 P.2d 425.

The only justifiable conclusion under such circumstances is that the trial court's action was arbitrary and capricious, rather than an exercise of the sound legal discretion ordinarily vested in a trial court.

The judgment is therefore reversed and the cause remanded, with instructions to enter judgment in accordance with the verdict of the jury.

WELCH, C. J., CORN, V. C. J., and HALLEY, BLACKBIRD, JACKSON and CARLILE, JJ., concur.