**D. G. HILL, Petitioner,**

v.

**DRUMRIGHT LUMBER COMPANY, Tri-State Insurance Company and the State Industrial Commission, Respondents.**

**No. 37715.**

Supreme Court of Oklahoma.

July 8, 1958.

Charles E. Grounds, E. Keith Cooper, Seminole, for petitioner.

Kerr, Lambert, Conn & Roberts, Ada, Mac Q. Williamson, Atty. Gen., for respondents.

CORN, Vice Chief Justice.

On the 13th day of April, 1956, D. G. Hill, hereinafter called claimant, filed his first notice of injury and claim for compensation, stating that while employed by Drumright Lumber Company he sustained an accidental injury arising out of and in the course of his employment on the 6th day of April, 1956, when a wall fell on

him causing some injury, the cause and extent of which is not in dispute. The State Industrial Commission denied an award and this proceeding is brought by claimant against Drumright Lumber Company and its insurance carrier, Tri-State Insurance Company, to review the order. The Drumright Lumber Company will be referred to as lumber company.

The record discloses that Oscar Burley owned a residence in Drumright; that it was demolished in a tornado. At least one wall was left standing. Burley went to the place of business of the lumber company and hired claimant and a fellow employee to tear down this wall and clean up and straighten up about the place. Sometime during the hiring and the injury of claimant on the 6th day of April, Burley made an arrangement with Watson, manager of the lumber company, or with the lumber company to build Burley a house in the place of the one destroyed.

Claimant testified that on the 4th day of April, 1956, he was hired by Oscar Burley and that Watson, manager of the lumber company, came to the premises on the 5th day of April, 1956, and told claimant and his fellow employee that Watson was in charge of the job and was taking over and would send a supervisor; that a supervisor named Tom came the same day. Claimant did not testify as to what Tom supervised or what instructions Tom gave any employee.

Watson denied that he ever hired claimant or any one else to do any work on the premises for himself or for the lumber company. He also denied placing Tom in charge of the operations incident to the tearing down of the demolished house.

Oscar Burley testified that he hired claimant and a fellow employee and agreed to pay each of them $1.50 per hour; that he engaged Watson, a friend of his, to build a house and that Watson paid the claimant and the fellow employee at the direction of Burley and Burley repaid Watson.

Watson testified that he paid the fellow employee by check drawn on the lumber company and at the same time delivered to the fellow employee a check for the services performed by claimant.

Burley further testified that no arrangement was made by him for any one else to hire the claimant. He also testified that he did not hear Watson tell claimant or his fellow employee that Watson was taking over the job for himself or the lumber company.

The question is not whether claimant was an employee or an independent contractor and therefore the many cases defining the difference in these relationships may be disregarded. See Washita County Gin Co. v. Colbert, 162 Okl. 276, 19 P.2d 1080; Yellow Cab Co. v. Wills, 199 Okl. 272, 185 P.2d 689, and related authorities.

Claimant has cited Southland Cotton Oil Co. v. Renshaw, 148 Okl. 107, 299 P. 425; Drumright Gas Engine Co. v. Sherrill, 173 Okl. 147, 46 P.2d 921; Bradshaw v. State Industrial Commission, 191 Okl. 222, 127 P.2d 801, among other cases relied on. In Southland Cotton Oil Co. v. Renshaw, supra, claimant was to be an employee when he took a fellow employee's place in a cotton mill. In affirming an award it was held the employer had impliedly consented to the employment of claimant in the place of the fellow employee. The case is not in point. The fact situation differs so greatly that it is not persuasive here. In Drumright Gas Engine Co. v. Sherrill, supra, the Drumright Gas Engine Company was hired under a written contract with I. J. Cohen and Company to dismantle a tank. It was held that claimant was an employee of Drumright Gas Engine Company and not I. J. Cohen and Company. Drumright Gas Engine Company hired claimant and paid him. In Bradshaw v. State Industrial Commission, supra, who made the contract of hiring, and under what circumstances is not stated in the opinion. In sustaining an award for the employee it was held that Bradshaw had such an

interest in the property that he was liable to the claimant as an employer.

The question to be determined is whether claimant was an employee of Oscar Burley or an employee of the lumber company. There is no evidence that anyone except Burley hired claimant or agreed to pay him any wages. There is no evidence the contract of employment entered into with Burley and claimant was ever terminated until the injury ended the contract with claimant. When the work was finished the claimant and the employee who was hired at the same time claimant was hired were paid for the work engaged to be done at the commencement of the contract with Burley, and such work was performed under the contract with Burley and not under the contract of any other employer. There is no evidence that claimant was employed by any other person than Burley. He continued to perform the same duties for the same price regardless of any statement by Watson.

In Landrum v. Ownby, Okl., 290 P.2d 400, 401, it is stated:

"The relation of employer and employee is a first prerequisite to any award under the compensation act, and such relation is created by contract, either express or implied, or by the unequivocal acts of the parties recognizing the relationship.

"Before one is entitled to a liberal construction of the Workmen's Compensation Law, he must be held to strict proof that he is in the class embraced within the provisions of the law. He must establish relationship of master and servant at the time of the accidental injury."

After a review of all of the evidence we find that there is sufficient evidence to support the order of the State Industrial Commission.

Order denying the award sustained.