**COSMO CONSTRUCTION COMPANY, a corporation, Plaintiff in Error,**

v.

**Cherica Odene LODEN, Administratrix of the Estate of Ira H. Loden, one and the same person as Ira Huel Loden, Deceased, Defendant in Error.**

No. 38780.

Supreme Court of Oklahoma.

May 24, 1960.

Hudson, Hudson, Wheaton & Kyle, Tulsa, for plaintiff in error.

Wheatley & Wheatley, Vinita, for defendant in error.

JACKSON, Justice.

This is an appeal by defendant, Cosmo Construction Company, from order of the trial court granting new trial to plaintiff, Cherica Odene Loden, Administratrix of the estate of Ira H. Loden, deceased, after judgment on verdict for defendant in wrongful death action.

Plaintiff's deceased husband met his death as a result of injuries sustained about 2:00 o'clock a. m., on July 16, 1956, when he drove his automobile into a barricade and steel girders on U. S. Highway No. 69, about one mile north of Big Cabin, Oklahoma, where an overpass was being constructed over the Will Rogers Turner Turnpike by defendant.

It appears that the reasons assigned by the trial court in granting the new trial were that he disagreed with the verdict on the issues of negligence and contributory negligence, and that he could not, in good conscience, let the verdict stand.

The ground for new trial relied upon by plaintiff was that the verdict was not supported by the evidence but was contrary to the evidence and the law. In plaintiff's brief it is stated that the brief and argument are based solely upon the wide discretion granted trial judges in the granting of new trials.

Plaintiff cites Fisher v. Hopkins, 205 Okl. 134, 235 P.2d 944; Downing v. Mealy, 204 Okl. 247, 228 P.2d 1008; Tulsa City Lines v. Howell, 202 Okl. 394, 214 P.2d 255, and Little v. Lovett, 193 Okl. 157, 141 P.2d 794, wherein this court sanctioned

the setting aside of verdicts by trial courts on the sole ground of disagreement with the verdict. The above-mentioned rule has been repudiated in our more recent decisions, and to that extent the cases cited must be considered as overruled.

It is self-evident that if a trial court has the unbridled prerogative to substitute its opinion for that of a jury, it would be tantamount to a partial abrogation of the right to trial by jury and the right of appeal. 12 O.S.1951 § 556; Aldridge v. Patterson, Okl., 276 P.2d 202; Harley v. Damron, 104 Okl. 143, 230 P. 507.

In Croft v. Dodson, Okl., 310 P.2d 375, 377, we said:

"It therefore becomes apparent that the only question presented by this appeal is, may a trial court grant a new trial under such circumstances and on ground of disagreement with the jury verdict? We think such question has already been answered in the negative in Hansen v. Cunningham, Okl., 285 P.2d 432, and Fry v. Alexander, Okl., 290 P.2d 397. In Hansen v. Cunningham, supra, we pointed out that the discretion vested in a trial court is a sound *legal discretion* to be applied in accordance with recognized principles of law, rather than an arbitrary discretion to be exercised at will by a trial court. We also pointed out that under the rule announced in Russell v. Margo, 180 Okl. 24, 67 P.2d 22, this court will examine the entire record in the case to determine whether or not the trial court has, in granting a new trial, abused its discretion, acted arbitrarily, or erred on some unmixed question of law. In Fry v. Alexander, supra (290 P.2d 400), we said:

" 'Then comes the ultimate question hereinbefore indicated. In such a case may a trial judge grant a new trial just because (as this judgment recites) he does not agree with the jury's verdict? We think a complete answer to this question is given in the recent opinion this Court promulgated in Hansen v. Cunningham, Okl., 285 P.2d 432, and the cases therein cited. Therein it is clearly demonstrated that to grant a new trial in such a situation is an abuse of the sound legal discretion vested in the trial judge and is in derogation of our system of jurisprudence in which the jury is the trier of the facts.' "

■ We have repeatedly held that in view of the constitutional provision making contributory negligence a question of fact for the jury, if there is any evidence from which contributory negligence may be reasonably inferred, the verdict on that issue is conclusive. Const. Art. 23, Section 6; Wright v. Erwin, Okl., 346 P.2d 187; Hanna v. Parrish, Okl., 344 P.2d 658; Neely v. Morris, Okl., 333 P.2d 301; Croft v. Dodson, supra; Warren v. Layman, Okl., 267 P.2d 590.

■ In the instant case, there was a definite conflict in the evidence as to whether there were lighted flares on the approach to and at the barricade. It was undisputed that there were signboards on the approach to the barricade, indicating construction work and a detour, a 45-mile-an-hour speed limit sign about one-half mile south of the barricade, and a 35-mile-an-hour speed limit sign between that point and the barricade. The maximum statutory speed limit was 55 miles an hour.

The highway patrolman who investigated the occurrence testified in effect that he arrived at the scene after receiving a call about 3:00 o'clock a. m.; in approaching, he first saw "finger boards", then a sign, "Detour-Construction Ahead." He stated that there were two lighted flares, one under the construction sign, one under the "eight hundred-foot sign," and two or three flares a few feet behind the barricade. They were wick-type smudge pots having a two- or three-inch flame.

The patrolman further stated that the automobile driven by plaintiff's decedent laid down forty-two feet of skid marks up to the barricade and fifty-one feet beyond, up to the steel girders, and that based upon the skid marks and other physical evidence,

it was his opinion that the automobile was traveling approximately seventy miles an hour before the brakes were applied.

An eye-witness testified that he was employed as a night watchman for another construction company, about one-hundred-and-fifty yards from the barricade when the collision occurred. His attention was first attracted to the automobile by its "awfully bright lights." He stated his opinion that when he last observed the automobile, about six-hundred-feet from the barricade, it was traveling "75 miles." On cross-examination, he stated that the night was dark and rainy, and that it had "drizzled a little, not too much."

The witness further testified that he had gone into the town of Big Cabin earlier that evening, and that as he was returning to his place of employment, about an hour before the collision occurred, he observed four torches burning at the 800-foot detour sign.

It is readily apparent that the above-mentioned evidence is sufficient to support a reasonable inference that plaintiff's decedent was driving his automobile at an imprudent or excessive rate of speed, and/or that he failed to heed the warning signs on the approach to and at the barricade, which proximately caused or contributed to the fatal occurrence in question.

After carefully reviewing the entire record, we of the opinion that the issues of negligence, contributory negligence, and proximate cause were properly submitted to the jury, and that the verdict for defendant is amply supported by competent evidence.

In Neely v. Morris, Okl., 333 P.2d 301, we held, in paragraph two of the syllabus:

"It is error for the trial court to grant a new trial upon the ground that he cannot conscientiously agree with the verdict of the jury, where negligence and contributory negligence are alleged and supported by competent evidence for the reason that these issues are for the jury to decide and the court cannot substitute his opinion for that of the jury."

We conclude that the trial court clearly abused its discretion in granting plaintiff a new trial. As we said in the syllabus of Hanna v. Parrish, Okl., 344 P.2d 658:

"Where it is determined that trial court acted arbitrarily, clearly abused its discretion, or erred on some unmixed question of law in granting new trial, order granting new trial will be reversed."

The order sustaining plaintiff's motion for new trial is reversed, with directions to the trial court to enter judgment on verdict for defendant.