Robert R. MacKAY, Plaintiff in Error,

v.

CROWN DRUG COMPANY, Defendant in Error.

No. 41369.

Supreme Court of Oklahoma.

Nov. 1, 1966.

Baker & Baker, Tulsa, for plaintiff in error.

Hudson, Wheaton & Brett, Tulsa, for defendant in error.

HODGES, Justice.

There is involved here an action to recover damages for the alleged negligence of the defendant drug company in incorrectly filling a prescription. Parties will be referred to as they appeared in the trial court.

Epitomized the facts are: Plaintiff on the 27th day of July, 1962, was examined by Dr. Hugh Nicholas in the City of Tulsa. Dr. Nicholas gave the plaintiff a prescription for use in reducing high blood pressure. Defendant filled the prescription for the plaintiff. The prescription directed the plaintiff to take the capsule twice daily. Plaintiff testified that he commenced taking

the capsules and continued taking them twice daily until August 22, 1962; that the medicine caused him to become drowsy and he would fall asleep at his work. He worked as a machinist requiring him to handle tools and machinery. He testified that on August 17, 1962, he was out in the yard and started to pick up a coffee can; that he fell and severely injured the thumb on his left hand. He spent one night in the hospital and was disabled for a period of several weeks. On August 22nd plaintiff returned to the defendant drug store to secure a refill of the prescription. He testified that the pharmacist on duty looked at the prescription, stated that there was "definitely something wrong here," and decided to check his records. After checking his records, the pharmacist told the plaintiff that the original prescription had been filled for ten times as much of a drug as he should have received. Dr. Nicholas testified that the prescription was for one tenth milligram of Reserpoid to be taken twice daily and that if the patient took ten times the amount prescribed or one milligram of the drug he would quite likely become drowsy and confused.

The pharmacist who filled the prescription testified that he filled it in accordance with the prescription but does not recall the amount of the drug prescribed in the prescription. He testified that there would be nothing unusual about a prescription specifying one milligram of Reserpoid but that a prescription for such amount might cause the patient to become dizzy.

The evidence is conflicting but is sufficient to establish a prima facie case that the prescription was incorrectly filled for one milligram of Reserpoid instead of one tenth milligram of the drug as prescribed by the doctor. Plaintiff did not testify positively that he was drowsy at the time he sustained the fall on the coffee can in his yard. The evidence of the plaintiff while sketchy in some respects is sufficient to justify the trial court in submitting the case to the jury.

The defendant contends that the plaintiff was guilty of contributory negligence in that having experienced drowsiness from taking the drug he continued to use it and expose himself to the hazard of stumbling and falling when drowsy.

The question of contributory negligence being a proper defense in an action filed against a druggist for negligence in the selling of drugs or medicine is apparently new in this jurisdiction. The weight of authority is that contributory negligence on the part of one who sustains an injury from the use of drugs or medicine is a proper defense in a suit filed against the druggist.

In 25 Am.Jur.2d Drugs, Narcotics, and Poisons, § 64, p. 338, the rule is stated:

"Contributory negligence on the part of one who sustains injury from the use of drugs or medicines will defeat a recovery against a negligent druggist. * * * Recovery may not be had for injurious consequences of the use of a harmful drug or article which a druggist has mistakenly sold in place of the product called for, if the person injured is contributorily negligent in failing to discover the mistake, or if such negligence can be otherwise imputed to him. * * *"

In 28 C.J.S. Druggists § 10 (c) (1), p. 518, it is stated:

"A person who is injured by the negligence of a druggist, as by his substituting an injurious drug where a harmless one was called for, cannot recover if he was guilty of contributory negligence. * * *"

The question of contributory negligence was correctly submitted to the jury and the verdict of the jury on that issue is conclusive. In Cosmo Construction Company v. Loden, Okl., 352 P.2d 910, this court said:

"We have repeatedly held that in view of the constitutional provision making contributory negligence a question of fact for the jury, if there is any evidence from which contributory negligence may be

reasonably inferred, the verdict on that issue is conclusive. Const. Art. 23, Section 6; Wright v. Erwin, Okl., 346 P.2d 187; Hanna v. Parrish, Okl., 344 P.2d 658; Neely v. Morris, Okl., 333 P.2d 301; Croft v. Dodson, supra, [Okl., 310 P.2d 375]; Warren v. Layman, Okl., 267 P.2d 590."

 Plaintiff contends that the trial court erroneously construed the law in submitting to the jury Instruction No. 4 relating to contributory negligence. Instruction No. 4 reads:

"You are instructed that the term 'contributory negligence' as used herein is a act or omission on the part of a party asking compensation for damages amounting to a want of ordinary care which concurs or co-operates with the negligence of the other party, to proximately cause his own injury. If, therefore, you find that said party was guilty of negligence, which directly or proximately contributed to his own injuries, and without which said injuries would not have occurred, then he cannot recover."

The instruction was correct. Owens v. Turman Oil Co., 183 Okl. 182, 80 P.2d 576; Missouri, K. & T. Ry. Co. v. Smith, 97 Okl. 152, 223 P. 373.

Plaintiff contends that the trial court should have amplified the instruction by discussing the facts. It would have been error for the trial court to advise the jury that certain facts if established would or would not constitute contributory negligence. St. Louis-San Francisco Ry. Co. v. Russell, 130 Okl. 237, 266 P. 763; Folsom Morris Coal Mining Co. v. Scott, 107 Okl. 178, 231 P. 512.

Plaintiff contends that the trial court erred in declining to submit to the jury his requested instruction. We have examined plaintiff's requested instruction and compared it with instructions Nos. 6 and 7 submitted to the jury. All three instructions relate to the duties of a druggist in filling prescriptions. The instructions submitted by the court are more favorable to the theory of the plaintiff than the language employed in his requested instruction. No error was committed in declining to submit to the jury plaintiff's requested instruction. Williams v. Terbush, 208 Okl. 401, 256 P.2d 434; Munding v. Walnut Creek Milling Co., 105 Okl. 124, 231 P. 858.

The trial court committed no error in the conduct of the trial and the verdict of the jury in favor of the defendant is sustained by sufficient evidence.

Judgment affirmed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN and BERRY, JJ., concur.