# MUSKOGEE ELECTRIC TRACTION CO. v. RYE.

No. 2593.  Opinion Filed May 6, 1913.

(132 Pac. 336.)

1. **APPEAL AND ERROR—Review—Credibility of Witnesses—Conflicting Evidence.** On appeal conflicting evidence will not be weighed or the credibility of the witnesses compared.

2. **SAME—Evidence.** Where there is any evidence reasonably tending to support the verdict of the jury upon any issue, the verdict of the jury as to such issue must be sustained.

3. **SAME—Amount of Damages.** The amount of recovery in a personal injury case is a question for the jury, and the court will not set aside the verdict therein, unless it appears from the record that the jury was swayed by passion or prejudice against the losing party.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

, Action by Viola Rye against the Muskogee Electric Traction Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*N. A. Gibson, H. C. Thurman,* and *T. L., Gibson,* for plaintiff in error.

*De Roos Bailey* and *A. S. Hays,* for defendant in error.

HAYES, C. J. This action was originally brought by defendant.in error against plaintiff in error to recover damages received by her while a passenger upon one of the street cars of plaintiff in error. From a judgment in her favor for the sum of $2,500, this appeal is prosecuted.

There are but two questions argued by counsel for plaintiff in error for reversal. The first is that the verdict is not supported by sufficient evidence to show liability on the part of defendant; and, second, that the verdict is excessive. Neither of these contentions is sustained by the record. Plaintiff's testimony is to the effect that while she was a passenger on one of the street cars of plaintiff in error in the city of Muskogee, upon reaching a street crossing at which she desired to depart from the car, she gave a signal to the conductor to stop the car, and he did. She did not rise from her seat until the car stopped. The conductor was standing where he could see her plainly. She stepped off the car with one foot; and while the other foot was still on the car step, and she was holding with her left hand to the car, the conductor gave a signal for the car to start, without giving her an opportunity to get off, and the car started with such a jerk that it jerked her off, throwing her upon her right side. She was the only passenger to get off at that point. From the fall she received injuries which hereafter will be described more fully. The car was moved up with such a

jerk as to knock her down, and she fell clear to the ground on her back and head.

In the foregoing evidence defendant is corroborated by two other witnesses. On the part of plaintiff in error evidence was introduced contradicting all the important features of the foregoing evidence, and much space has been devoted by counsel for plaintiff in error in their brief to a discussion of the weight of evidence, and of matters bearing upon the credibility of the witnesses; but these are matters that cannot be considered by this court; for, on appeal, the evidence cannot be weighed or the credibility of the witnesses compared. *Coalgate Co. v. Bross,* 25 Okla. 244, 107 Pac. 425, 138 Am. St. Rep. 915. If there is any evidence reasonably tending to support the verdict of the jury upon any issue, the verdict of the jury as to such issue must be sustained. *Burns v. Vaught,* 27 Okla. 711, 113 Pac. 906.

Injuries plaintiff testified to having received by the fall were an injury to the ankle, the knee, and to her back. The injury to her knee, she stated, was temporary, and no other witnesses testified as to that injury. She testifies that her back was injured in some way from which she has not yet recovered, and that she still suffers from the weakness in her back; that it hinders her in the performance of some of her household duties. The most serious injury she received was in her ankle. Relative thereto, the evidence tends to establish that upon being helped up after the fall her ankle was sprained; that she was helped to a house near by; that she took off her shoe and rested her foot, and after a time she walked with the aid of an umbrella to the place where she was staying. Defendant in error testifies that she suffered intense pain from the injury in her ankle, and could not bear her foot to be touched, and it made her very nervous for about two months; that it has constantly pained her since the time of the accident up to the time of the trial, which occurred about two years and four months after the accident; that if she uses her foot much it hurts her at nights; that she

keeps it in splints or supporters; that when such splints or supporters are removed her foot turns inward, and is so weak that she cannot use it, and without the supporters she cannot walk, and cannot bear her weight upon that foot; that for three and one-half months after the accident she was required to keep the foot in plaster of paris. A physician, who examined her foot the night before the trial, testified that there was still swelling in the ankle, and that the injury might be a torn ligament; that shortly after the accident he examined defendant in error, and at that time it looked to him like a dislocation. This same physician testified from his last examination that there were indications that the injury was permanent and serious.

On the part of plaintiff in error there was evidence of physicians, who had examined defendant in error shortly after the accident, to the effect that they were unable to discover any torn ligaments, broken bones, or dislocation of the ankle, and that the injury was not of such a nature as would likely prove permanent.

Upon substantially the foregoing evidence we are asked to declare the verdict of the jury excessive. In the syllabus to *Choctaw, O. & G. Ry. Co. v. Burgess et al.,* 21 Okla. 653, 97 Pac. 271, it was said that appellate courts should sparingly exercise the power of granting new trials on the ground of excessive damages, and only when it appears that the verdict is so excessive as *per se* to indicate passion or prejudice will a verdict be set aside.

In *A., T. & S. F. Ry. Co. v. Marks,* 11 Okla. 82, 65 Pac. 996, the injury consisted of a broken leg. To the complaint that the verdict of $3,000 was excessive, Mr. Justice Irwin, who delivered the opinion of the court, said:

"Another contention of the plaintiff in error is that the verdict for $3,000 for the injuries sustained was unreasonable. We think it hardly worth the time to seriously discuss this proposition. We need hardly say that the fracturing of a leg is a serious injury. And under the instructions of the court it was the province of the jury to assess such dam-

ages as they fully believed would fully compensate for the injury sustained; and when twelve candid men, after hearing all the evidence in the case, and being correctly instructed as to the law by the court, had given their judgment as to the amount of damages, we do not feel like disturbing the judgment, when the damages for a broken leg are not greater than $3,000."

See, also, City of Shawnee et al. v. Slankard, 29 Okla. 133, 116 Pac. 803; Pioneer Telegraph & Telephone Co. v. Davis, 28 Okla. 783, 116 Pac. 432.

Upon the doctrine of the foregoing cases we are of the opinion that the verdict of the jury should not be disturbed.

The judgment of the trial court is accordingly affirmed.

All the Justices concur.