## CITY OF ADA v. SMITH.

No. 7144—Opinion Filed Oct. 9, 1917.

Rehearing Denied Nov. 26, 1918.

(175 Pac. 924.)

**1. Municipal Corporations—Personal Injury —Notice of Defect—Evidence.**

In an action against a municipal corporation for damages occasioned by the plaintiff falling into an open or uncovered sink or catch-basin upon a public street of said municipal corporation, evidence examined, and held to be sufficient to charge the defendant municipal corporation with notice of the open and uncovered condition of such catch-basin as against a demurrer to the evidence.

**2. Same—Contributory Negligence—Demurrer to Evidence.**

Under the provisions of section 6, art. 23, Constitution of Oklahoma, contributory negligence is in all cases a question of fact for the jury, and a demurrer to the evidence of the plaintiff upon the ground that the contributory negligence of the plaintiff was the contributing proximate cause of the accident complained of was properly overruled.

**2. Damages—Mitigation—Treatment of Personal Injury.**

The general rule is that a person injured by the negligence of another is bound to use ordinary care in the treatment of such injury, and cannot recover enhanced damages arising from his neglect to exercise such care, but such subsequent negligence goes only to the amount, and will not defeat a recovery for the original injury.

**4. Appeal and Error—Instructions—Brief— Review.**

Alleged error of the trial court in refusing to give requested instructions, which instructions are not set out in the brief of plaintiff in error, cannot be considered by this court.

**5. Trial — Personal Injury — Contributory Negligence—Instructions.**

An instruction directing the jury that plaintiff can only recover provided his negligence did not contribute to his injury, and provided that he was at the time exercising ordinary care on his part for his own safety, sufficiently states the law of contributory negligence, in the absence of a request for a more specific instruction.

**6. Damages—Mental Suffering.**

Mental suffering in connection with physical pain is always a subject of compensation, and it is not error for the trial court to instruct the jury that, in determining the amount of the damages, they may consider what physical pain and mental suffering plaintiff endured as a direct result of his injuries.

**7. New Trial—Newly Discovered Evidence—Diligence.**

It is essential to entitle a party to a new trial on the ground of newly discovered evidence that he should, in addition to other facts, show that he has exercised due diligence to discover the same.

(Syllabus by Rummons, C.)

Error from District Court, Pontotoc County; Geo. C. Crump, Assigned Judge.

Action by W. T. Smith against the City of Ada. Judgment for plaintiff, and defendant brings error. Affirmed.

J. W. Dean, for plaintiff in error.

E. N. Jones and J. F. McKeel, for defendant in error.

Opinion by RUMMONS, C. This action was commenced in the district court of Pontotoc county by the defendant in error to recover from the plaintiff in error for damages alleged to have been sustained by the defendant in error by falling into an open catch-basin or sink-hole of the sewer system of the plaintiff in error. The parties will hereinafter be designated as they appeared in the court below. The plaintiff alleged that on August 1, 1913, he was in the city of Ada, crossing Broadway street in said city; that he had lost the sight of one eye and the vision of the other eye was affected; that he was using a walking stick to assist him in walking; that the catch-basin was situated on the west side of the street, uncovered and unguarded; that, as plaintiff was crossing the street, he turned to look at a passing wagon, and his foot slipped into the catch-basin, causing him to fall and be injured. The petition further alleges that the defendant had knowledge of the unguarded and dangerous condition of said catch-basin, or, in the exercise of due diligence, ought to have had such knowledge, and charges negligence against the defendant in permitting said catch-basin to remain open and unguarded. The defendant answered, denying generally all allegations of said petition, and pleading contributory negligence. The cause was tried to a jury, resulting in a verdict and judgment in favor of the plaintiff for the sum of $600, to reverse which the defendant prosecutes this proceeding in error.

The first assignment of error urged in the brief of defendant complains of the refusal of the trial court to sustain its demurrer to the evidence of the plaintiff. This assignment is argued by counsel for defendant under three heads: First, that the evidence fails to show that the defendant had notice,

either actual or constructive, of the condition of the catch-basin, and that such notice must be proved before any liability would arise. In support of this contention the defendant relies upon the case of City of Woodward v. Bowder, 46 Okla. 505, 149 Pac. 138. Unfortunately for the defendant, the record renders the case relied upon inapplicable. J. H. Jones, commissioner of accounting and finance of the defendant, testified that he knew of the condition of this catch-basin early in the year of 1912, and that he had spoken to Mr. Harry Evans, commissioner of public property and public works of the defendant, of its condition at that time. The record discloses that the catch-basin had remained uncovered and unguarded practically from the time the sewer was constructed. The evidence, therefore, was amply sufficient to charge the defendant with notice of the unguarded condition of this catch-basin. Town of Fairfax v. Giraud, 35 Okla. 659, 131 Pac. 159.

It is next urged in support of this assignment of error that the evidence of the plaintiff shows that he was guilty of contributory negligence, and that the evidence of his contributory negligence was so great that it became a question of law, and not of fact, for the jury, and therefore the demurrer to the evidence should have been sustained. We are unable to agree with this contention of counsel for defendant. Section 6 of article 23 of the Constitution of Oklahoma provides:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall at all times be left to the jury."

Under this provision of our Constitution, there being, as we have just seen, sufficient evidence to show primary negligence on the part of the defendant, there was no course open to the trial court but to submit to the jury, under proper instructions, the question of whether or not the plaintiff was guilty of contributory negligence which was a contributing proximate cause of the accident. Apart from the constitutional provision above quoted, the evidence did not disclose such negligence on the part of the plaintiff as would have justified the trial court in taking the case from the jury. The negligence of the plaintiff relied upon by the defendant consisted of his crossing the street in broad daylight at a street intersection upon a side of the intersecting street where no street crossing had been built. In Town of Fairfax v. Giraud, supra, this court says:

"A person traveling on a public street of a city, which is in constant use by the public, while using the same with reasonable care

and caution, has a right to presume that such street is in reasonably safe condition, and is reasonably safe for ordinary travel by night as well as by day, throughout its entire width, and is free from all dangerous holes and obstructions." Cleveland Trinidad Paving Co. v. Mitchell, 42 Okla. 49, 140 Pac. 416; Town of Norman v. Teel, 12 Okla. 69, 69 Pac. 791.

The defendant next urges in support of this assignment of error that, if the plaintiff sustained injury by reason of falling into said catch-basin, the permanency of such injury, if any, was due to the subsequent negligence of the plaintiff in failing to have his injuries promptly treated. There was evidence of the accident of plaintiff, and that he sustained injuries because of such accident. The argument of defendant as to his subsequent negligence might be applicable to the measure of his damages and to the amount of his recovery, but it certainly affords no ground to defeat any recovery whatsoever. 29 Cyc. 532.

The next assignment of error made by counsel for the defendant complains of the action of the trial court in refusing to give instructions requested by the defendant, and of error in the instructions given by the court. As the defendant does not set out in its brief the instructions requested by it, nor present any argument showing prejudice to it by the ruling of the court, this assignment presents nothing for our consideration.

Defendant sets out instruction No. 6 given by the court, which is as follows:

"The court instructs the jury that it was the duty of the city of Ada to use reasonable care to keep its streets and sidewalks in a safe condition for persons using the same, and for failure to perform this duty the defendant will be liable in damages to the plaintiff, if injured by falling into the manhole, catch or sink basin which has been permitted to remain in the street uncovered for such a length of time as, by the use of ordinary care, the defendant could have discovered and known the condition, and failed to properly cover the same: Provided, the negligence of the plaintiff, if any, did not contribute to such injury, if any; and as applied to this case you are instructed that if you believe by a preponderance of evidence that the city of Ada failed to use reasonable care to cover the sink or catch basin mentioned in evidence, after notice of its condition, or if you believe from a preponderance of the evidence that the same remained opened and in a defective condition for such a period of time that the defendant, by the exercise of ordinary care and diligence, could have known of its condition and repaired the same and placed it in a reasonably safe condition, and that it failed to do so, and

you further believe from a preponderance of the evidence that said plaintiff, while traveling upon the street mentioned in evidence, stepped into said sink or catch-basin, and was at the time exercising ordinary care on his part for his own safety, and was injured thereby, and that the negligence of the defendant aforesaid was the direct and proximate cause of said injury, then you are instructed to find for the plaintiff, otherwise you would find for the defendant."

The only complaint defendant makes of this instruction is that the law of contributory negligence as applied to this particular case is not stated therein. It is urged by the defendant that the attention of the jury should have been directed by the court in this instruction to the physical infirmities of the plaintiff, and they should have been advised that a greater degree of care was required of the plaintiff because of such infirmities. The court instructed the jury that the city was liable if it had negligently permitted the catch-basin to remain open, provided the negligence of the plaintiff did not contribute to his injury. He further advised the jury that plaintiff could only recover provided that he was "at the time exercising ordinary care on his part for his own safety." The evidence of the physical condition of the plaintiff was before the jury, as well as the circumstances surrounding the accident, and from this the jury were able to determine whether or not the plaintiff was exercising such care as his physical condition and the surrounding circumstances would require of an ordinarily prudent person. We are of the opinion that the instruction complained of sufficiently advised the jury of the defense of contributory negligence, especially in the absence of a request for a more specific instruction.

Defendant next complains of the giving of instruction No. 10, which is as follows:

"The court instructs the jury that if you find for the plaintiff, then you should allow him such a sum as in your judgment, based upon the testimony in this case, would be a reasonable present payment in cash for the damages sustained, if any, by the plaintiff, and you may take into consideration his health and physical condition prior to the injury; if you believe from the evidence that his health and physical condition since then is impaired as a result of such injury, if any, then you may also consider whether or not he has been permanently injured, if any, and to what extent, if any, he may have endured physical suffering as a natural and inevitable result of such injury, and you may consider what, if any, the effect of such injury may have been upon him in the future in respect to pain and suffering, both physically and mentally, if any, and you may consider what physical pain and mental suffer-

ing, if any, the plaintiff suffered as a direct cause of the injury, and allow him such sum as, in the exercise of sound discretion, you may believe, from all the facts and circumstances in evidence, would be fair and just not to exceed $10,000."

It is urged by the defendant that this instruction authorizes the jury to award damages to the plaintiff for future mental anguish and it is argued that, as there can be no recovery for mental anguish disconnected from physical suffering, the instruction was erroneous. We do not think this instruction is subject to the objection offered by the defendant. The court instructed the jury to consider the effect of his injuries, if any, in respect to both physical and mental suffering, and to consider what physical pain and mental suffering the defendant had endured as the result of his injury. "Mental suffering in connection with physical pain is always the subject of compensation." Muskogee Electric Traction Co. v. Rye, 47 Okla. 142, 148 Pac. 100. This instruction did not permit the jury to award damages to the plaintiff for mental suffering independent of his bodily injuries, but confined their consideration to such physical pain and mental suffering as the plaintiff might sustain because of the physical injuries incurred. We are of the opinion that the objection of the defendant to this instruction is without merit.

Defendant next complains of the overruling of its motion for a new trial because of newly discovered evidence. The newly discovered evidence relied upon was the testimony of several witnesses to the effect that some time in the year 1913 the plaintiff sustained injuries by being run down by a team and wagon in the streets of the city of Ada. Among the injuries complained of by the plaintiff in this action was the breaking of his sixth rib, which fracture had imperfectly healed. The injuries testified to by the witnesses, whose testimony was claimed to be newly discovered, consisted of the breaking loose of the cartilage connecting the ninth, tenth, and eleventh ribs. The date of the accident of the plaintiff relied upon in the motion for a new trial with relation to the accident in this action is not fixed, and it is not clear whether it occurred before or after the accident which is the subject of this action. In any event the offered testimony could not defeat a recovery by the plaintiff. It could only be available, if at all, to reduce the amount of his recovery. Inasmuch as no complaint is made by the defendant of the verdict being excessive, we are unable to see how the offered testimony could change the result of this trial.

One of the rules for the granting of a

new trial for newly discovered eivdence is that the evidence must be such as will probably change the result. Since the defendant does not complain of the amount of the verdict, and as the newly discovered evidence would be no bar to a recovery, the trial court committed no error in refusing a new trial because of such newly discovered evidence.

There is, however, a more serious objection to the motion of defendant, and that is that the record contains no showing of any diligence in discovering, or attempting to discover, this evidence. It is essential that a party contending for a new trial on the ground of newly discovered evidence should, in addition to other essential facts, show that he has exercised due diligence to discover the same in time. Herring v. Hood, 55 Okla. 737, 155 Pac. 235. The record, as we have said, contains no such showing. The trial court, therefore, did not err in overruling defendant's motion for a new trial.

Finding no error in the record, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.