## CITY OF DUNCAN v. NICHOLSON.

No. 16778—Opinion Filed July 6, 1926.

1. Negligence — Contributory Negligence— Harmless Error in Refusing to Allow Amendment of Answer.

No prejudicial error is committed by refusing to permit defendant to amend answer to allege contributory negligence, where court, by instructions, submits plea of contributory negligence to jury.

2. Same—Personal Injuries — Measure of Damages Where Injured Person Neglects to Seek Medical Attention.

One who sustains a personal injury, and fails or neglects to use ordinary care, after having knowledge of the injury, in procuring timely medical or surgical treatment, and,

by reason of such failure, his condition is rendered worse than it would have been if he had used such ordinary care, cannot recover the increased damages resulting from such failure, but is entitled to recover only such damages as he would have sustained had he not failed or neglected to obtain medical or surgical treatment. Held, that verdict of jury was authorized under this rule.

### 3. Same—Instructions.

Instructions examined, and no prejudicial error committed in respect thereto.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by Hattie Nicholson against the City of Duncan, Okla. Judgment for plaintiff, and defendant brings error. Affirmed.

J. W. Marshall, for plaintiff in error.

Wilkinson & Saye, for defendant in error.

Opinion by JARMAN, C. The parties will be referred to as they appeared in the trial court. The plaintiff, Hattie Nicholson, in making a business call at one of the residences in the city of Duncan, a municipal corporation, defendant, stepped in a hole in front of such residence caused by the defendant removing an electric light pole, causing her to fall on her right hand and arm, breaking the same. The plaintiff instituted this action to recover $3,000 damages for pain and suffering, and $3,000 for permanent injuries to her hand and arm. The defendant, by way of answer to plaintiff's petition, filed a general denial. A general verdict was returned in favor of the plaintiff for $1,866. After unsuccessful motion for new trial, the defendant has appealed.

At the conclusion of all of the evidence, the defendant sought to amend its answer to allege contributory negligence on the part of the plaintiff, contending that the evidence of the plaintiff tended to show the accident was caused by her failure to exercise ordinary care to observe and avoid the hole in which she stepped. The defendant insists that the refusal of the trial court to permit such amendment constituted prejudicial error. There is nothing in the evidence, introduced on behalf of the plaintiff, to show that the plaintiff, by the exercise of ordinary care, could have detected or observed the hole in time to have prevented the accident; however, by instruction No. 10, given by the trial court, the defendant was given the full benefit of the plea of con-

tributory negligence. The jury was instructed that the burden was on the plaintiff to show by a fair preponderance of the evidence, that the injury sustained was caused by the negligence of the defendant in moving an electric light pole and leaving an open hole in the ground, and that the plaintiff used ordinary care in going from the street to the premises in question, and, further instructed that if the jury should find "that the plaintiff, by the use of ordinary care, could have seen the hole in the ground, and avoided said hole, and thereby avoided the injury complained of, then you are charged that the plaintiff cannot recover." In view of the foregoing instruction to the jury, the defendant's rights were not prejudiced in any manner by the court's refusal to permit the amendment referred to.

The next proposition, urged by the defendant, is that the permanent injury of the plaintiff was caused by her own primary negligence in failing and refusing to procure medical and surgical treatment, and that defendant is not liable in damages therefor.

The uncontradicted evidence shows that plaintiff never had her arm and hand treated by a physician or surgeon; that if such surgical treatment had been rendered within a short time after the accident, the fractured bones could have been set and placed in splints, and within about eight weeks the plaintiff would have practically recovered the complete use of her arm and hand. At first, the plaintiff thought her hand and arm were sprained, and not until about 20 or 25 days after the injury, when she consulted a physician, did she learn there was a fracture. At that time, the bones had begun to knit, and the physician advised that it would be necessary for the bones to be rebroken and set, and that this could not be done without administering an anesthetic. The plaintiff insisted that she could not take an anesthetic, and no treatment was ever given the injured arm and hand of the plaintiff. The evidence shows that the arm could have been rebroken and set, and that the plaintiff could have regained the use thereof, and the suffering would have been alleviated. It is true, that one who is personally injured and fails to use ordinary care, after having knowledge of the injury, in procuring timely medical or surgical treatment, and, by reason of such failure, his condition is rendered worse than it would have been if he had used such ordinary care, cannot recover the increased damages resulting from such failure, but is entitled

to recover only such damages as he would have sustained had he not been guilty of negligence in failing to obtain medical or surgical treatment. Robertson v. Texas & P. R. Co. (Tex. Civ. App.) 79 S. W. 96; City of Waxahachie v. Connor (Tex. Civ. App.) 35 S. W. 692.

It is impossible to tell from the record whether the jury took into consideration the permanent injury of the plaintiff. The verdict is a general one, and is for much less than the plaintiff would have been entitled to recover for permanent injury, resulting in the loss of her earning capacity. The amount of the verdict would indicate that the jury merely took into consideration the pain and suffering experienced by the plaintiff up to the time she was advised by her physician that the bones would have to be rebroken and set, and the pain and suffering incident to the rebreaking of the bones and the knitting of the same, and the expense thereof, together with the loss of time. The trial court, by instruction No. 11 took the same view of the law as is now contended for by the defendant, and both plaintiff and defendant seemed to concur in such view, as neither party excepted to said instruction. Instruction No. 11, after stating that if the jury should find for the plaintiff on the issue of negligence, announced the following rule for determining the amount of damages:

"You are charged that she (plaintiff) cannot recover for any loss of earning, or for any pain or suffering caused by her own neglect in failing to give the injured arm proper medical and surgical attention, and plaintiff's recovery, in any event you say she should recover, will be limited to the loss of earning and pain and suffering that would have resulted had plaintiff used due care in giving herself proper medical and sugical attention, together with the expense of such medical and surgical attention if same had been given."

We must indulge the presumption that the jury followed this instruction and rendered its verdict in keeping therewith; and, under the evidence produced, the verdict was justified in the light of such instruction.

The defendant complains of certain instructions given and refused by the court. We have carefully examined said instructions, those given by the court and those requested by the defendant and refused by the court, and find no prejudicial error was committed by the court in respect thereto. The error complained of in respect to the instructions given by the court has been considered in connection with the other propositions hereinabove discussed, and as to the instructions requested by the defendant, the same were fully covered by instructions given.

Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 946 §2920. (2) 29 Cyc. p. 532; 8 R. C. L. p. 448; 2 R. C. L. Supp. p. 612; 4 R. C. L. Supp. p. 555; 5 R. C. L. Supp. p. 469. (3) 4 C. J. p. 1029 § 3913.