James R. NEELY, Plaintiff in Error,

v.

Harold Gene MORRIS, Defendant in Error.

No. 37836.

Supreme Court of Oklahoma.

Nov. 12, 1958.

Rehearing Denied Dec. 16, 1958.

Pierce, Mock & Duncan, by Calvin W. Hendrickson, Oklahoma City, for plaintiff in error.

Wilson Wallace, Ardmore, for defendant in error.

HALLEY, Justice.

This action for personal injuries and property damage was filed in the District Court of Carter County by Harold

Gene Morris against James R. Neely, who filed a cross-petition against the plaintiff for damages of the same nature, all alleged to be the result of an automobile accident on the Hoxbar road a short distance east of Ardmore, Oklahoma. The car of plaintiff was traveling west and defendant east and collided head-on in an early morning fog. The case was tried to a jury which returned a unanimous finding that "neither party shall recover against the other party."

The plaintiff filed a motion for a new trial and the court set aside the verdict of the jury and granted the plaintiff a new trial. It was from this action that defendant appealed. We shall refer to the parties as they appeared in the trial court.

The plaintiff alleged that the collision and resulting damages to him were caused by the defendant's negligent operation of his automobile. Defendant in his answer denied that he was negligent and alleged that the collision was the result of plaintiff's negligence which caused or contributed to the accident. He further pled sudden emergency and unavoidable casualty. In his cross-petition he charged that the accident was due to plaintiff's contributory negligence.

The allegations of negligence in plaintiff's petition and in the cross-petition of defendant are generally similar, but plaintiff alleged that defendant was driving while under the influence of intoxicating liquor. There was a failure of proof on the charge of drunken driving.

The defendant has appealed under a single assignment of error as follows:

"The trial court erred in sustaining plaintiff's motion for new trial and in vacating and setting aside the judgment based upon the verdict of the jury and granting a new trial."

The trial judge gave two reasons for granting the new trial which are: 1. His failure to give a definition of contributory negligence. 2. He did not approve the verdict of the jury. We will discuss these propositions in their order. In the first place neither plaintiff nor defendant requested that contributory negligence be defined. The plaintiff did not plead contributory negligence in either his petition or his answer to defendant's cross-petition. He relied for his recovery and for his defense to defendant's cross-petition completely on defendant's negligence. In no place did he say that defendant should not recover because of contributory negligence.

From the record in this case we are of the opinion that instruction No. 12 which the trial court gave in this case was sufficient on the question of contributory negligence, absent a request for a specific definition of the term. The first sentence of instruction No. 12 provides that if defendant was guilty of any acts of negligence as alleged by plaintiff and that such negligence was the direct and proximate cause of the injuries and damages, if any, sustained by plaintiff and plaintiff was not guilty of contributory negligence their verdict should be for plaintiff and against the defendant. The second sentence of this instruction is as follows:

"* * * But if the plaintiff has failed to make out his case by a fair preponderance of the evidence, or if you find that plaintiff was guilty of contributory negligence which combining and concurring with negligence on the part of the defendant, proximately caused the accident resulting in the injuries and damages, if any, claimed by the plaintiff, then your verdict should be for the defendant as to plaintiff's petition, notwithstanding any negligence on the part of the defendant."

Instruction No. 12 took up the rights and duties of the parties under the defendant's cross-petition and states that if defendant was guilty of contributory negligence he cannot recover on the cross-petition.

We think that under the rule laid down in Muskogee Electric Traction Co. v. Rye, 38 Okl. 93, 132 P. 336 and City of Ada v. Smith, 73 Okl. 280, 175 P. 924, that instruction No. 12 is sufficient to advise the jury

as to contributory negligence in the absence of a request for a more specific instruction.

When the jury announced to the court that it had reached a unanimous decision that neither party was entitled to recover against the other on the ground this was an unavoidable accident, it seems to us that it was made clear to the court that its failure to define contributory negligence had nothing to do with the decision of the jury, and that such omission had not misled the jury. The trial judge in stating his reason for granting a new trial did not state that he felt that the jury was in any way confused by that omission.

The facts in evidence were ample to justify a verdict of unavoidable casualty. There was undisputed evidence that it was a foggy morning and that debris from both cars was in the center of the road, indicating that both cars were in the middle of the road when the collision occurred. The court recognized that the evidence justified an instruction on unavoidable casualty and gave such instructions, Nos. 4 and 12.

█ As to the second ground the trial court gave for granting a new trial, that he could not approve the verdict, this Court has long since taken the position that a new trial should not be granted where there was sufficient evidence introduced to sustain the jury's verdict.

From the facts as produced in the trial of this case the jury could have found for the plaintiff or the defendant or as it did find, that the accident was unavoidable. Plaintiff testified that the defendant was on the wrong side of the road at the time of the accident and the defendant's evidence showed by the physical facts the plaintiff was on the wrong side of the highway. There was evidence of the fog on the morning of the accident from which the jury could determine that the accident was an unavoidable casualty. The right of the trial court to set aside a jury verdict has been before us in three recent cases.

In Hansen v. Cunningham, Okl., 285 P.2d 432, we said:

"Where necessary, on appeal from order granting new trial, reviewing court will examine entire record to determine whether trial court, in granting new trial, abused its discretion, acted arbitrarily, or erred on some unmixed question of law.

"Where reviewing court determines that trial court acted arbitrarily, clearly abused its discretion, or erred on some unmixed question of law in granting new trial, order granting new trial will be reversed."

Then in Fry v. Alexander, Okl., 290 P.2d 397, 400, this statement is made:

"Then comes the ultimate question hereinbefore indicated. In such a case may a trial judge grant a new trial just because (as this judgment recites) he does not agree with the jury's verdict? We think a complete answer to this question is given in the recent opinion this Court promulgated in Hansen v. Cunningham, Okl., 285 P.2d 432, and the cases therein cited. Therein it is clearly demonstrated that to grant a new trial in such a situation is an abuse of the sound legal discretion vested in the trial judge and is in derogation of our system of jurisprudence in which the jury is the trier of the facts. * * *"

The Fry and Hansen cases, supra, were approved in the later case of Croft v. Dodson, Okl., 310 P.2d 375, 376, where it was said in the first paragraph of the syllabus:

"Where necessary, on appeal from order granting new trial, reviewing court will examine entire record to determine whether trial court, in granting new trial, abused its discretion, acted arbitrarily, or erred on some unmixed question of law."

Had the court failed to instruct the jury fully upon any issue presented by the plaintiff to entitle him to recover, a different situation would be presented, but plaintiff relies entirely upon the failure of the court to define contributory negli-

gence on the part of plaintiff which was pled and relied upon by the defendant to prevent plaintiff's recovery.

We find that the trial court acted arbitrarily in granting a new trial because, as he said, of his failure to define contributory negligence. Under the facts in the record and in view of the instructions given such failure could not possibly have worked to the prejudice of the plaintiff. There is sufficient evidence in the record to sustain the jury's verdict.

The order and judgment of the trial court is reversed with instructions to overrule the motion for new trial and enter judgment based upon the verdict of the jury.

WELCH, C. J., CORN, V. C. J., and WILLIAMS, JACKSON and CARLILE, JJ., concur.

DAVISON, JOHNSON and BLACKBIRD, JJ., dissent.