**BOOTH TANK CO., Inc., a corporation, Plaintiff in Error,**

v.

**Violet SYMES, Defendant in Error.**

**No. 40529.**

Supreme Court of Oklahoma.

July 7, 1964.

J. A. O'Toole, Morris F. Flynn, Oklahoma City, for plaintiff in error.

Lampkin, Wolfe & Blankenship, by Joe G. Wolfe and Ben T. Lampkin, Jr., Oklahoma City, for defendant in error.

DAVISON, Justice.

This is an appeal by Booth Tank Co., Inc., (defendant below) from a judgment rendered on a jury verdict against it in favor of Violet Symes (plaintiff below), for $70,000 for damages for personal injuries resulting from a car-truck collision. The parties will be referred to as they appeared in the trial court.

On January 12, 1962, the defendant's truck was proceeding north on North Western Avenue in Oklahoma City with gin poles in an erect position. When the truck attempted to pass through an underpass the gin poles struck the top of the underpass, causing the truck to overturn on top of plaintiff's automobile, which was proceeding south through the underpass. Plaintiff was injured and brought this suit for personal injuries, physical and mental pain and suffering, permanent injury and disability, and loss of earnings and earning capacity, in the total sum of $200,000. The defendant admitted liability and there was submitted to the jury the sole question of the amount of damages to plaintiff directly caused by and resulting from the accident. As stated, the jury returned a verdict in plaintiff's favor for $70,000.

Defendant argues five propositions in support of its assignments of error. We will give joint consideration to some of these propositions and arguments because of their close relationship.

Defendant contends that one injured by negligence of another must use reasonable care and diligence to secure medical treatment to mitigate such damages, and failure to do so precludes recovery of damages for loss of earnings, pain, or suffering caused by refusal to seek proper medical attention. Defendant also argues that it was reversible error for the trial court to fail to instruct the jury specifically that plaintiff's religious convictions should be considered, both as to her failure to secure medical treatment and as to her claim for damages for future pain and suffering and loss of earnings.

The argument requires some review of the facts. The record reflects that after plaintiff was extricated from her wrecked car she was taken by ambulance to a hospital emergency room, where lacerations on her forehead and over her left eyebrow and to her right hand were treated and closed by stitches. X-rays revealed a compression fracture of two of the thoracic vertebrae and of the second rib on both sides of the body. The attending doctor recommended plaintiff be admitted to the hospital for treatment and she refused "on religious grounds." The doctor then gave the family "some basic principles" of treatment at home. Plaintiff was then moved by ambulance to her home on a farm north of Oklahoma City, where plaintiff rested on her back, without moving, for six weeks on a hospital bed. Thereafter plaintiff gradually recuperated until at the time of the trial in December, 1962, her condition had reach-

ed a substantially fixed status. Plaintiff received no professional medical treatment and she took no medicine of a pain relieving nature. Plaintiff's only explanation for refusing hospitalization was, "my faith and belief," and for staying in bed was "Well, it was just having nature, for it to take its course. It just takes time."

Plaintiff's two medical witnesses stated respectively that her condition "would have been better" had she had medical attention, and that traction for the compression fractures "might have made some improvement. The amount I don't know."

■ This court has passed upon the duty of an injured person to secure medical aid. In Jones v. Eppler, Okl., 266 P.2d 451, 48 A.L.R.2d 333, we held that the law was well settled that it is the duty of a person injured by the negligence of another to use ordinary and reasonable diligence or due care in securing medical and surgical aid after receiving such injury.

■ In City of Duncan v. Nicholson, 118 Okl. 275, 247 P. 979, 980, it is stated:

"* * * It is true that one, who is personally injured and fails to use ordinary care, after having knowledge of the injury, in procuring timely medical or surgical treatment and, by reason of such failure, his condition is rendered worse than it would have been if he had used such ordinary care, cannot recover the increased damages resulting from such failure, but is entitled to recover only such damages as he would have sustained, had he not been guilty of negligence in failing to obtain medical or surgical treatment. * * *" See also City of Ada v. Smith, 73 Okl. 280, 175 P. 924.

■ It appears that the trial court was aware of the above decisions. In instruction No. 6 the trial court instructed the jury substantially in accordance with the above rules of law. We must presume that the jury followed this instruction and considered the damages of the plaintiff in the light of such instruction and rendered its verdict in keeping therewith.

Defendant's further argument in support of the above proposition is based on the assumption that the plaintiff was a member of a religious group or denomination that regard human ailments, pain and suffering, as having no real existence, but as illusions and errors of the mind, and therefore not curable by medical treatment. Defendant's contention is that the court should have instructed the jury to consider such religious belief with regard to failure (lack of ordinary care), to secure medical treatment and its effect on any damages for pain, suffering and loss of earnings. Even if we concede there might be some merit in such argument and the authorities cited in support thereof, the assumption on which it is based is not sustained by the record. The record relative to plaintiff's religious belief is narrated above and it shows only that plaintiff was averse to medical treatment, not that she was insensible to pain. In fact her testimony and that in her behalf was that she did and would suffer pain.

■ In instruction No. 6, described above, the court instructed on the effect of plaintiff's failure to have medical care. Under defendant's contention the effect or influence of plaintiff's religious belief regarding medical care was a phase of the case. But defendant did not object to the sufficiency of instruction No. 6, nor request an appropriate instruction. In G. A. Nichols Co. v. Lockhart, 191 Okl. 296, 129 P.2d 599, we stated:

"The rule is well established that, where the instructions of the court do not cover all the phases of the case, counsel is bound to call the court's attention to the omission by an appropriate request for additional instructions, or be precluded from making such failure available as reversible error."

We find no merit in defendant's proposition.

The defendant also urges as grounds for a new trial that the counsel for plaintiff made improper and prejudicial argument to the jury. The argument complained of was in the closing argument of plaintiff's counsel. No objection or complaint was made at the time by defendant. It was only after the jury had retired to deliberate upon their verdict that defendant made an objection and moved the court to declare a mistrial. The general rule is that the objection comes too late if made for the first time after the jury has retired to deliberate upon their verdict. 88 C.J.S. Trial § 196 d, pp. 387–388.

In Phillips Petroleum Co. v. Myers, 202 Okl. 151, 210 P.2d 944, we stated:

"This court cannot review the question of alleged misconduct of counsel for plaintiff in argument to the jury unless an objection is seasonably made and exceptions properly taken."

Defendant further complains that the court erred in admitting eleven photographs of the car in which plaintiff was riding and of the car and truck. These photographs were identified as being pictures reflecting the condition of the vehicles at the scene of the accident. They were offered and the court admitted them only for the purpose of showing the amount of force in the impact in the collision that resulted in the injuries to the plaintiff. They were admissible for that purpose. Murray v. Mossman, 52 Wash.2d 885, 329 P.2d 1089.

We have held that the admission of photographs in evidence as an aid to the jury is a matter addressed to the sound discretion of the trial court. Schaff v. Coyle, 121 Okl. 228, 249 P. 947.

Under the circumstances present in this action we cannot say that there was an abuse of discretion by the trial court in admitting the photographs for the limited purpose of showing the force of the impact of the two vehicles.

Defendant also contends that the evidence is insufficient to support the verdict and that the verdict and judgment is so excessive as to show upon its face that it was the result of bias, passion and prejudice.

At the time of the accident plaintiff's age was 57 years with a life expectancy of 16.43 years. She had lived on a farm north of Oklahoma City with her husband and several children and had raised a large family and performed the work of a farm wife. She had planted and cared for a vegetable garden and canned produce and tended a large flock of chickens and sold and delivered eggs, and churned butter. There was evidence that after her recuperation she was unable to engage in the physical exertion and activity necessary to these operations, and did limited housework. She had previously earned money as a baby sitter. It was calculated that she had suffered a permanent loss of earning capacity of about $1000 per year.

The above mentioned lacerations to her forehead and hand, and fractures of the ribs and thoracic vertebrae had healed. The vertebral fractures had left her with hunchbacked appearance and there was testimony that medical treatment would have made slight, if any, improvement in this condition. A lumbar vertebra was found to be compressed but it was not certain this resulted from the accident. Plaintiff suffered from prior existing osteoporosis or lack of calcium and this contributed to the fractures. It was testified that cells in the brain had suffered permanent damage because of the accident, and, although no present neurological or psychological effects were found to have resulted therefrom, still this condition should be periodically checked. The testimony was that plaintiff had and would have pain and suffering in the future.

There can be no absolute standard to measure damages for personal injuries, and a wide latitude of discretion is necessarily left to the good sense and discretion of the jury which fixes the award. In Carraco Oil Company v. Morhain, Okl., 380 P.2d 957, we stated:

"In an action for personal injuries a verdict will not be set aside for exces-

siveness of damages unless it clearly appears that the jury committed some gross and palpable error, or acted under some improper bias, influence or prejudice or has totally mistaken the rules of law by which damages are regulated."

 We cannot say that the verdict in the present case falls within any of the above categories.

Affirmed.

HALLEY, V. C. J., and JOHNSON, WILLIAMS, and JACKSON, JJ., concur.

BLACKBIRD, C. J., concurs in result, dissents as to amount.