**WALTER NASHERT AND SONS and Valley Forge Insurance Company, Petitioners,**

v.

**Joseph Harold McCANN and State Industrial Court, Respondents.**

**No. 43111.**

Supreme Court of Oklahoma.

Oct. 28, 1969.

Lawrence E. Hoecker, Pierce, Duncan, Couch & Hendrickson, Oklahoma City, for petitioners.

Charles D. Crandall, James R. Eagleton, Eagleton & Nicholson, Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

JACKSON, Justice.

On June 15th, 21st, and 25th, 1966, claimant, Joseph Harold McCann, sustained work-connected heart attacks, or injuries to his heart, as an employee of (petitioner) Walter Nashert and Sons. The State Industrial Court found that the injury to claimant's heart arose out of and in the course of his hazardous employment with Walter Nashert and Sons; concluded that he was totally and permanently disabled; and entered an order to compensate him for total and permanent disability.

On review the record supports a conclusion that claimant's injury was work connected and that claimant was entitled to an award. However, we are concerned with petitioner's Proposition IV, wherein it is said:

> "The claimant voluntarily refused to mitigate his disability by taking medication due to religious convictions. The respondent and insurance carrier should not be responsible for any greater degree of disability than would be expected had proper medication been taken. The trial court failed to make a finding as to that percentage of disability, if any, which would have resulted had claimant taken proper medication. Hence, the trial court failed to make a finding on a material issue in question. The award should be vacated and remanded for additional findings on this material issue."

We think there is merit in this proposition.

Claimant testified that because of his religious beliefs he could not take any kind of pills, medications, or medicines that might be recommended by his doctors. All of the doctors who testified for and

against claimant were of the opinion that his condition would have been improved if he had accepted the drugs and medicine recommended. The record does not disclose how much improvement in claimant's condition would have resulted if he had taken the recommended treatment.

We have held that a claimant will not be barred from recovering compensation unless claimant unreasonably refuses to accept treatment as an ordinarily prudent person. White Oak Refining Co. v. Whitehead, 149 Okl. 297, 298 P. 611; Moran v. Oklahoma Engineering & Mach. & Boiler Co., 89 Okl. 185, 214 P. 913. In the first paragraph of our syllabus in Chicago Bridge & Iron Works v. Sabin, 105 Okl. 62, 231 P. 851, we held:

"Where an employee is injured, and claims compensation under the Workmen's Compensation Laws of this state, and receives the same up to and including the date when such injured employee should have been cured had he submitted to medical and surgical treatment in no manner endangering life to the slightest degree, or occasioning pain, he cannot recover compensation for an increase of disability due to his failure to accept such treatment and use ordinary care to avoid aggravating the injury."

In tort cases we have held that it is the duty of an injured plaintiff to timely procure medical treatment, and if his condition is rendered worse by his failure he cannot recover for the increased damages resulting from such failure, but is entitled to recover only such damages as he would have sustained had he not failed to obtain medical treatment. City of Duncan v. Nicholson, 118 Okl. 275, 247 P. 979; Jones v. Eppler, Okl., 266 P.2d 451, 48 A.L.R.2d 333. See also Christiansen v. Hollings, 44 Cal.App.2d 332, 112 P.2d 723.

■ In Martin v. Industrial Accident Commission, 147 Cal.App.2d 137, 304 P.2d 828, under a statute different from ours, it was pointed out that claimant was free to believe and worship as he chose and to practice his belief. However, it is also ap-

parent from that decision that while a claimant may practice his belief he will not be permitted to impose unreasonable additional financial burdens upon his employer in practicing his belief. See also Industrial Commission of Colorado v. Vigil, 150 Colo. 356, 373 P.2d 308.

In the first amendment to the U. S. Constitution it is provided that Congress shall make no law prohibiting the free exercise of religion.

■ We think upon constitutional grounds an employee should not be penalized for his religious beliefs. In the instant case if plaintiff may not be compensated for his heart injury attributable to the accident, as distinguished from that disability attributable to his failure to accept medical treatment, then he has not been accorded full freedom to exercise his religious views. We think this constitutional provision distinguishes this case from other decisions of this court wherein it has been held or inferred that compensation benefits may be delayed or denied where claimant unreasonably refuses medical treatment upon non-religious grounds.

■ Claimant contends that the employer, though aware of his heart attack, never offered any medical treatment and is therefore estopped to complain of his failure to accept medication. We are unable to agree. *Claimant did not request medical attention and it is manifestly clear that an offer of medical treatment would have been refused by claimant.

While we are aware that it may be difficult for the medical profession to determine the extent that claimant's disability would have been reduced by approved medical procedures, we are of the view that the parties should be afforded an opportunity to present evidence on the question, and that the award for total and permanent disability should be vacated.

The award for total and permanent disability is vacated and the cause is remanded to the State Industrial Court for further proceedings and for a determination of what claimant's disabilities and entitle-

ment would have been had he accepted appropriate medical attention.

IRWIN, C. J. and DAVISON, WILLIAMS, HODGES, LAVENDER and McINERNEY, JJ., concur.

BERRY, V. C. J., and BLACKBIRD, J., dissent.