Lisa JAMES, Appellant,

v.

**Richard MIDKIFF, Individually and as Natural Guardian and Next Friend of Jason Midkiff, a Minor, Appellee.**

No. 82246.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 29, 1994.

Robert D. Jones, Ardmore, for appellant.

D. Craig Shew, Ada, for appellee.

### MEMORANDUM OPINION

CARL B. JONES, Judge:

Plaintiff/Appellant appeals from a jury verdict and a $3,000.00 damage award in her favor in this personal injury action. Appellant claims to have been prejudiced by questions from Defendant/Appellee's attorney over Appellant's objections, eliciting the fact that she was a member of an Indian tribe and had access to free medical care at Indian health clinics which she chose not to avail herself of. Appellant further contends that the $3,000.00 judgment was substantially defective in that it was only compensation for lost income with nothing being awarded for medical expenses or pain and suffering.

The relevant facts are not in dispute. Appellant and Appellee were involved in an automobile accident wherein the vehicle being driven by Appellant was "rear ended" by Appellee. Prior to trial, Appellee admitted liability and the case was tried to determine Appellant's damages. Appellant sought damages for, *inter alia,* medical expense in the amount of $10,938.00, pain and suffering in the amount of $30,000.00, and lost earnings in the amount of $19,000.00. In addition to admitting liability, Appellee stipulated that the medical bills totaling $10,938.00 could be admitted into evidence without objection.

After the jury was given the case, they returned a hand-written verdict stating,

> "We the jury decide in favor of the plaintiff. Damages to be awarded in the sum total of $3,000.00 for loss of wages from the date of accident December 7, 1991 until her release and return to work on January 18, 1991.
> (Signed)
> Emma Lou Killam"

Subsequently, the jury submitted its general verdict on a Blue Verdict Form which still awarded Appellant $3,000.00, but did not itemize the damages. It was unanimous and was also only signed by the foreman, Emma Lou Killam.

### EVIDENCE OF ACCESS TO FREE MEDICAL CARE

Appellee contends the evidence of Appellant's race and her access to free medical care at Indian health clinics was relevant to show that Appellant had failed to mitigate her damages. We disagree. The duty to mitigate damages in a personal injury action merely requires the use of ordinary care to secure timely medical treatment after an injury. *E.g., Booth Tank Co. v. Symes,* 394 P.2d 493 (Okla.1964); *Jones v. Eppler,* 266 P.2d 451 (Okla.1953). There was no allegation here that Appellant failed to seek timely or proper medical care after the accident. Appellee cites no authority, and we know of none, that a failure to seek free available health care would in any way impede anyone's right to recover for medical expenses incurred in the private sector.

There is little question that the evidence of Appellant's race and her access to free medical care was not relevant and thus inadmissible. *See* 12 O.S.1991 §§ 2401 and 2402. Furthermore, even if it had some probative value, the evidence should still be excluded because such probative value was substantially outweighed by the prejudice such evidence creates. 12 O.S.1991 § 2403.

### PREJUDICE

The injection of irrelevant or otherwise inadmissible evidence is ordinarily not grounds to reverse a jury verdict unless that error was prejudicial. 12 O.S.1991 § 78; *Karriman v. Orthopedic Clinic,* 516 P.2d 534 (Okla.1973). The test of prejudice is the likelihood the verdict would have been different had the error not occurred measured by the usual criterion of the verdict's support in the evidence. *Karriman,* 516 P.2d at 540.

The evidence of prejudice is clear. Despite the unrebutted evidence of Appellant's medical expenses of over $10,000.00 and her pain and suffering, the jury only found damages of $3,000.00. Appellee ar-

gues that because it was a general verdict we cannot assume that the verdict did not include an award for medical expenses, pain and suffering, and any other items that may have had evidentiary support. However, we choose not to ignore Court's Exhibit No. 2, the jury's handwritten verdict form which expressed their intention that the $3,000.00 awarded be for lost earnings only. The minimal damage award is in and of itself questionable in light of the unrefuted evidence of greater damages, but the additional written explanation shows to the satisfaction of this Court that the jury disregarded the damage claims for medical expenses and pain and suffering. In all probability, a significant factor leading to this result was the evidence that Appellant, as an Indian, had access to free medical care which she chose not to avail herself of.

Because we reverse the judgment below and must remand this case for a new trial, we need not address Appellant's other assignment of error, that the verdict was substantially defective because it was inconsistent with the undisputed evidence of additional damages.

REVERSED AND REMANDED FOR NEW TRIAL.

HANSEN, P.J., and HUNTER, J., concur.